GODFREY WEBER, Respondent, v. THE AMERICAN
CENTRAL INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, April 15, 1889.

1. **Insurance**: REPRESENTATION AS TO TITLE. Where a deed to W.
& Co. operates to convey the title to W. alone, insurance taken out
by W. on the representation, that he is the owner in fee, is valid
and binds the insurer.

2. ———: WAIVER OF PROOFS OF LOSS. Where the insurer, on being
notified of the loss, denies all liability because of an alleged false
warranty as to title and continues so to do, proofs of loss are
thereby waived.

3. **Appellate Practice**: INSTRUCTIONS IN TRIALS BEFORE THE COURT:
FINDING AND EVIDENCE. In cases tried by the court, declarations
of law serve only to show the theory of the court as to the law and
where such theory is correct and there is any evidence tending to
support the finding, such finding cannot be disturbed.

*Appeal from the Moniteau Circuit Court.*—HON.
E. L. EDWARDS, Judge.

AFFIRMED.

*C. M. Gordon*, for appellant.

"Proceedings in case of loss :—It being understood
and agreed that all proceedings after a loss shall be in
accordance with the terms and stipulations printed on
the back of this policy, which are hereby declared to be
a part of this contract, and are to be resorted to in order
to determine the rights and obligations of the parties
hereunto." "No agent has power to waive any condi-
tion of this contract." The appellee had full notice of
the limitation of the agent's power by clauses 2 and 7 of
section 5 of this policy. Wood on Fire Ins., sec. 387, p.
631; *Messereau v. Ins. Co.*, 66 N. Y. 274; *Brownfield*

*v. Ins. Co.*, 26 Mo. App. 390; Wood on Fire Ins., sec.
393, p. 646; *Catoir v. Ins. Co.*, 33 N. J. 487; *Messereau
v. Ins. Co.*, 66 N. Y. 274; *Bush v. Ins. Co.*, 63 N. Y.
531; Wood on Fire Ins., sec. 405, and authorities there
cited; Wood on Fire Ins., sec. 396, pp. 649, 650; sec.
403, p. 680; *Schouer v. Ins. Co.*, 121 Mass. 438; *Bush
v. Ins. Co.*, 63 N. Y. 531; *Day v. Ins. Co.*, 88 Mo. 331;
*Van Allen v. Ins. Co.*, 64 N. Y.; *Denison v. Phœnix*,
52 Iowa, 457. Section 1 of the policy provides as fol-
lows: "The assured hereby covenants and agrees that
* * * any concealment, or omission to make known
every fact material to the risk, shall render this policy
void." Section 2 of this policy provides: "This policy
shall be void and of no effect * * * if the interest
of the assured be other than the entire, unconditional
and sole ownership, or if the property insured be a
building standing on ground not owned by the assured
in fee simple." The assured concealed the fact of his
disputed title at the time the insurance on the store
house was written, which concealment, by the terms of
sections 1 and 2, rendered the policy void. *Ib.*, sec.
196, p. 381; *Ib.*, sec. 199, p. 395.

*Hazell & Pash* and *Draffen & Williams*, for
respondent.

(1) (*a*) The declaration of law given by the court
upon the part of the plaintiff, as well as the first one
given for the defendant, required as a condition prece-
dent to plaintiff's recovery, that the court should find,
from the evidence, that the plaintiff was the sole owner
in fee of the property described in the policy of insur-
ance, and the court, under these declarations of law,
must have so found. The theory of the court below, as
to the law upon this point, was therefore nnobjection-
able, and its finding, upon this branch of the case, can-
not be disturbed, if there was evidence tending to show

that the plaintiff was the absolue owner of the property. *Hamilton v. Boggess*, 63 Mo. 233–251; *Gaines v. Fender*, 82 Mo. 497–509. (*b*) There was not only evidence to justify the finding of the trial court in this regard, but there was no evidence to the contrary. (2) " A distinct denial of liability and refusal to pay, on the ground that there is no liability, is a waiver of the condition requiring proof of loss ; it is equivalent to a declaration that the company will not pay though the proof be furnished." May on Ins. [1 Ed.] p. 573, sec. 469 ; *Ins. Co. v. Spiers*, 8 S. W. Rep. 453 ; *Baile v. Ins. Co.*, 73 Mo. 371 ; *McComas v. Ins. Co.*, 56 Mo. 573 ; *Ripstein v. Ins. Co.*, 57 Mo. 86 ; *Ins. Co. v. Kyle*, 11 Mo. 278 ; *Ins. Co. v. John Erb*, 2 Cent. Rep. 783 ; *Boyd, v. Ins. Co.*, 70 Iowa, 325. (3) Proof of waiver was competent under the pleadings. No special averment was necessary. *Ins. Co. v. Kyle*, 11 Mo. 278 ; *Russell v. Ins. Co.*, 55 Mo. 585 ; *O'Key v. Ins. Co.*, 29 Mo. App. 105. (4) As there was evidence, which, to say the least, tended to prove, that the plaintiff was both the legal and equitable owner of the property ; and further, that immediately after the fire, the defendant denied all liability, claimed that the policy was void, and continued to so claim down to the trial, and as all the other facts essential to plaintiff's case were admitted, the demurrer to the evidence was properly refused. *Wilson v. Board of Ed.*, 63 Mo. 137 ; *Noeninger v. Voght*, 88 Mo. 589 ; *Fisher v. Railroad*, 23 Mo. App. 201.

SMITH, P. J.—This was a suit upon a policy of insurance issued by defendant to plaintiff upon a building which was destroyed during the life of the policy. The defenses relied upon were (1) representations by plaintiff that he was the owner in fee of the ground upon which the building stood when in fact he was not, and (2) a failure to make proof of loss within the time required by the policy.

The case was tried by the court, a jury having been dispensed with.    There was a finding and judgment for the plaintiff.    The defendant appealed.    The only error of which the defendant complains is the giving for the plaintiff this instruction.

" The court declares the law to be that the deed read in evidence from Asa S. Drake and wife to G. Weber and Co. operated, so far as the legal title to the land therein described is concerned, as a deed to G. Weber alone ; and if the court finds, from the evidence, that the plaintiff was the sole owner of the building insured by the policy of insurance sued on, at the time said policy was issued, and continued to be the owner thereof until the nineteenth of November, 1884, and that the said building was at said date destroyed by fire ; and that the plaintiff was, also, during said time, the owner of the land, upon which said building was situated ; and if the court further finds, from the evidence, that immediately after the destruction of said building, by fire, the defendant was notified thereof ; and that the defendant denied any liability upon such policy, because of an alleged false warranty as to the title to said property, in procuring said policy ; and has continued to deny all liability for said reason, then this amounted to a waiver of formal proof of loss, and the court will find the issues for the plaintiff."

As was said in *Cooper v. Ord*, 60 Mo. 420, declarations of law are of but little use in a case, tried by the court, except to show the theory upon which it was tried.  The foregoing instruction required as a condition precedent to plaintiff's recovery that the court should find from the evidence that the plaintiff was the sole owner in fee of the property described in the policy of insurance and the court under this instruction must have so found.    The theory of the court as to the law upon this point was therefore unobjectionable and its finding upon this branch of the case cannot be disturbed

if there was any evidence tending to support it. *Hamilton v. Boggess*, 63 Mo. 233; *Gaines v. Fender*, 82 Mo. 497. There was ample evidence to justify the finding of the court in this respect.

The theory of this instruction in regard to the waiver of the condition requiring proof of loss was correct and in harmony with the authorities. May on Insurance (1 Ed.) sec. 469; *Baile v. Ins. Co.*, 73 Mo. 371; *McComas v. Ins. Co.*, 56 Mo. 573; *Ripstein v. Ins. Co.*, 57 Mo. 86. The theory of this branch of the instruction was supported by the evidence adduced.

In the concluding paragraph of defendant's brief some mention is made of a demurrer to the evidence. No such demurrer appears in the abstract and if there did we should rule that it has no ground of complaint on that account.

It seems to us from reading the evidence that the facts were sufficiently proved to justify the deductions of the circuit court. So far as we have been able to discover the record of this case, as presented by the defendant's abstract thereof, is wholly barren of any error calling for our interference.

The judgment is affirmed, with ten per cent. damages. All concur.