M. P. PROBST, Respondent, v. INSURANCE COMPANY OF NORTH AMERICA, Appellant.

Kansas City Court of Appeals, January 20, 1896.

Insurance: PROOFS OF LOSS: WAIVER. A letter denying any willingness to waive any condition of the policy and stating that communications should be considered only as looking to a compromise, is *held* a denial of liability; and though, thereafter, the insured sent in corrected proofs, when the insurer reiterated the statements in his former letter, still the communications amounted to a denial of all liability and thereby waived the proofs of loss.

*Appeal from the Saline Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Fyke, Yates & Fyke* for appellant.

(1)   Calling attention to the absence of the inventory and original bills or certified copies, was equivalent to an express demand therefor. *Aetna Company v. Bank*, 10 C. C. A. 342; *Williams v. Queen*, 39 Fed. Rep. 167.   (2)   The production of bills not certified and not originals does not satisfy the policy condition. *Langan v. Royal*, 29 Atl.Rep. (Pa.) 710; *O'Brien v. Ins. Co.*, 63 N. Y. 108; *Ward v. Ins. Co.*, 38 Pac. Rep. 1127. (3)   Davenport's letter of April 16 was not a waiver of further compliance, because: *First.* It was not so

understood by the assured. *Second.* It was not acted upon as a waiver. *Third.* The assured was not prejudiced by it. Every element of waiver is lacking. 2 Biddle on Insurance, sec. 1052; 2 May on Insurance, sec. 507; *Cohn v. Ins. Co.*, 62 Mo. App. 271; *Firdeiser v. Ins. Co.*, 57 Vt. 520; *Devens v. Ins. Co.*, 83 N. Y. 168; *Boyd v. Ins. Co.*, 16 S. W. Rep. (Tenn.) 475, near end of opinion.

*R. B. Caples, Davis & Duggins* and *Draffen & Williams* for respondent.

(1) There was ample evidence to justify the court in finding that the conduct of the defendant amounted to a waiver of any defects in the proofs of loss furnished by the assured. 2 Wood on Fire Insurance [2 Ed.], p. 970, sec. 443; *Haggard v. Ins. Co.*, 53 Mo. App. 98; *Loeb v. Insurance Co.*, 99 Mo. 50; *Arnold v. Insurance Co.*, 55 Mo. App. 149; *Porter v. Ins. Co.*, 62 Mo. App. 520. (2) If the proofs presented on March 5 and March 17 were defective, it was defendant's duty to point out the defects and afford a reasonable time thereafter for their correction. Instead of so doing, its state agent wrote the letter of the sixteenth of April. This was a clear and emphatic statement, that the defendant did not recognize any further legal liability, and amounted to a notice that the plaintiff need make no further proofs. It was a waiver of any additional proofs upon plaintiff's part. The letter was susceptible of no other interpretation. *Ins. Co. v. Center*, 31 S. W. Rep. (Texas) 416; *Webber v. Insurance Co.*, 35 Mo. App. 521. (3) After plaintiff sent copies of the bills and invoices, the defendant, on the twenty-sixth of May, reiterated all the objections set forth in the letter of April 16, 1894. This again announced a refusal to acknowledge legal liability, and gave the plaintiff no

opportunity to meet the objections of the defendant, in its letter of May 26. 2 Wood on Fire Insurance, p. 972; *Porter v. Ins. Co., supra; Fink v. Ins. Co.,* 60 Mo. App. 673; *Stiepel v. Ins. Co.,* 55 Mo. App. 224.

ELLISON, J.—This action is based on a policy of insurance taken out by plaintiff on his general stock of merchandise. The plaintiff recovered in the trial court.

Plaintiff furnished proofs of loss which were objected to by defendant in a letter setting forth the objections, relating mainly to a lack of proper invoices, bills, etc. This letter was dated April 16, 1894, and at the close stated the following:

"Kindly bear in mind that we are not willing to waive any of the conditions or requirements, or any of our rights or defenses thereunder, and that any and all communications that pass between us, or between your attorney and myself, must be considered only as an effort to bring about a compromise of our differences, for you failed to furnish us with the proof of loss required by our said policy, within sixty days next after said fire."

We regard this as a denial of all liability, and therefore, ordinarily, would dispense with proofs of loss; since, if liability is denied, there can be no necessity for preliminary proofs. This proposition is not disputed, but it is claimed by counsel for defendant that it amounted to no more than an inception of a waiver of proofs by defendant. That to be a waiver it must have been acted or relied on by plaintiff, to his prejudice; and that it was not acted on or relied on by plaintiff, from the fact that plaintiff proceeded to furnish corrected proofs, thus demonstrating that he did not rely upon the declaration quoted above as dispensing with further or more complete proofs. We

may grant the force of this contention, and yet we consider that proofs were again dispensed with by a letter from defendant's agent to plaintiff, dated May 26, in acknowledgment of receipt of the corrected proofs, objecting to them and closing with the statement, that: "I now beg to again reiterate all of the objections set forth in my former letter to you, bearing date of April 16, 1894." No further action was taken by plaintiff. Now, if we concede there was no waiver of proofs in the letter of April 16 on account of the plaintiff not having relied or acted upon the denial of liability, we find that denial is again made on the twenty-sixth of May, and that *thereafter plaintiff made no further effort.* It may be stated in other words thus: On May 26 defendant denied all liability under the policy, and plaintiff furnished no proofs of loss. In such case there need be no proofs, the denial being a waiver. 2 May on Ins., sec. 469, and note 2. This has been repeatedly decided in this state. *Weber v. Ins. Co.*, 35 Mo. App. 525; *Mensing v. Ins. Co.*, 36 Mo. App. 602. This rule applies to further or corrected proofs of loss, wherein defects are attempted to be corrected.

Nor do we consider that the intimation contained in the letter that defendant, while not liable, might yet entertain a proposition of compromise, changed the effect of the letter, or altered the consequences flowing therefrom. The denial of liability was complete, and the compromise was a matter which would depend alone upon the voluntary action of defendant, disconnected from any legal obligation.

In our opinion the judgment should be affirmed, and it is so ordered. All concur.