CONRAD BRUER, Respondent, v. KANSAS MU-
TUAL LIFE INSURANCE COMPANY, Appel-
lant.

### Kansas City Court of Appeals, May 25, 1903.

**Life Insurance:** INSURABLE INTEREST: RECOVER..NG PREM-
IUMS: EXECUTORY CONTRACT. Plaintiff took an assignment
of a life insurance policy on the life of Mrs. C. in favor of her son,
for the consideration and understanding with the son that he would
pay the premiums and divide the money received on the policy.
*Held,* he had no insurable interest in the life of Mrs. C and he could
not recover the premiums paid on the policy since the contract was
illegal; and the doctrine that the contract was executory until the
death of the assured and plaintiff might retire before it become ex-
ecuted, is inapplicable to the facts.

Appeal from Jackson Circuit Court.—*Hon. James Gib-
son,* Judge.

REVERSED.

*R. T. Herrick* and *I. P. Ryland* for appellant.

(1) It is a well established rule of law that when
a contract is illegal or immoral or contrary to public
policy, the parties being *in pari delicto, melior est con-
ditio de defendentis,* neither can recover from the other
money paid under the contract or maintain an action
to enforce the contract. Ins. Co. v. Barker (Iowa), 77
N. W. 868; Citing Morawetz on Corporations; Hener
v. Carmichael, 82 Iowa 290; s. c., 47 N. W. 1034; Peat-
mant v. Power Co., 100 Iowa 245; s. c., 69 N. W. 541;
Bank v. Kennedy, 169 U. S. 362; 2 Story Equity Ju-
risprudence, 530-554; 2 Pomeroy Equity Jurisprudence,
1047; 10 Thompson's Commentaries on Corporations,
8320-8314; Parsons v. Randolph, 21 Mo. App. 353; Tur-
ley v. Edwards, 18 Mo. App. 676; Gerber v. Railway,
63 Mo. App. 147; Connor et al. v. Black, 119 Mo. 127;

Attaway v. Bank, 93 Mo. 485; Roselle v. Bekeman, 134 Mo. 380; Green v. Corryan, 87 Mo. 359; Bick v. Seal et al., 45 Mo. App. 475; McNichols v. Berry, 50 Mo. 90; McCoy v. Green, 83 Mo. 626; Attee v. Fink, 75 Mo. 100; Davis v. Luster, 64 Mo. 43.   (2)   Under the law a policy of insurance taken out on the life of another by a beneficiary who has no insurable interest in that life, or an assignment to an assignee without interest in the life, is a wager contract and void on the grounds of public policy and immorality.   Cook on Life Ins., par. 104; 2 Joyce on Ins., par. 1405; 2 May on Ins., par. 567; 2 Phillips on Ins., par. 1846; 1 Parsons on Marine Ins., par. 515; Arnold on Ins.; Juhel v. Church, 2 Johnson 333; Lewis v. Phoenix Mutual Co., 39 Conn. 100; Howard v. Refuges Friendly, sec. 54, L. T. R. 644; Russell v. DeGrand, 15 Mass. 35; White v. Benefit Union, 76 Ala. 251; College v. Ins. Co., 113 N. C. 246; 18 S. E. 175; 88 Mo. App. 679.   (3)   If there was a wager contract that was void on the grounds of public policy, it was the supplemental contract between Bruer and Carey, the beneficiary, and if any recovery could be had by Bruer it should be from the beneficiary who made the supplemental contract.   McFarland v. Creath, 35 Mo. App. 112; Lewis v. Ins. Co., 39 Conn. 100; Cheeves v. Anders, 87 Tex. 287.   (4)   The same rule of law applies to insurance contracts that applies to other contracts, that is, "if the contract is void on account of illegality, the assured is in general not entitled to a return of the premium under the principle where the parties are *in pari delicto;*" neither has a remedy against the other.   2 Phillips on Insurance, 1846; 2 May on Insurance, par. 567; Van Dyke v. Hewitt, 1 East. 96; Briggs v. Laurence, 3 T. R. 454; Juhel v. Church, 2 Johnson (N. Y.) 333; White v. Equitable Union, 76 Ala. 251-264.   (5)   It is only in cases where illegal contracts remain executory that money paid thereunder can be recovered back.   Skinner v. Henderson, 10 Mo. 206; Hickerson v. Benson, 8 Mo. 8; Hick-

erson v. Benson, 8 Mo. 111; Express Co. v. Reno, 48 Mo. 264. (6) In the case at bar the contract, so far as the Company was concerned, was executed. 1 May on Insurance, 43; Chitty on Contracts, p. 10; Lapsley v. Howard, 119 Mo. 489; Lungstreet v. Ins. Co., 48 Mo. 201; Cangas v. Mfg. Co., 37 Mo. App. 297; Green v. Cole, 103 Mo. 70; Felt v. Ins. Co., 103 Mo. 623; Stotesblurg v. Massengale, 13 Mo. App. 221.

*W. H. Orr, W. B. Cline* and *J. L. Lorie* for respondent.

(1) An action will lie to recover back money paid under an illegal agreement, at any time before the agreement is carried out. Anson on Contracts, star pages 201, 264, bottom; Anson on Contracts, page 267 and note, citing; Taylor v. Bowers, I. Q. B. D. (C. A.) 300; (This is the leading English case on this subject.) Mount v. Waite, 7 Jons. cases, 434; Wheeler v. Spencer, 15 Conn. 28; Shannon v. Banner, 10 Ia. 210; House v. Kennedy, 46 Me. 94; Bank v. Wallace, 61 N. H. 24; Skinner v. Henderson, 10 Mo. 203; Hickerson v. Benson, 8 Mo. 8; Express Co. v. Reno, 48 Mo. 264; 15 Am. and Eng. Ency. of Law (2 Ed.), pp. 1004 to 1007, and notes and cases cited, subject, "Illegal Contracts;" Spring Co. v. Knowlton, 103 U. S. 49; 2 Parson's "Contracts," p. 746. (2) A contract of life insurance remains executory until the death of the assured. 16 Am. and Eng. Ency. Law (2 Ed.); 480; Cohen v. Ins. Co., 50 N. Y. 610; Clark on Contracts, p. 1; Schumaker & Longdurf's Ency. Law Dict. 202; 1 Wharton on Contracts, par. 50; 7 Am. and Eng. Ency Law (2 Ed.) 95. (3) When, in insurance, the risk has not been run, the premium should be returned. Tyrie v. Fletcher, Cowper 666-668; Delavigne v. Ins. Co., 1 Jons. cases, 310; Anderson v. Thornton, 8 Exch. 425; 2 Joyce "Insurance" secs. 1390, 1398; 3 Kent's Commentaries (11 Ed.) star page 341; 1 May on Insurance, par. 4; Ins. Co. v.

McCrum, 36 Kans. 146. (4) And the contract being made in Kansas, the Kansas law will govern. 3 Am. and Eng. Ency. Law (1 Ed.), 546, and cases cited; Roach v. Type Foundry, 21 Mo. App. 118; Stix v. Matthews, 63 Mo. 371. (5) Relief will be granted to one of the parties to an illegal contract when public policy requires such intervention. 15 Am. and Eng. Ency. of Law (2 Ed.), 1007, and cases cited. (6) Ignorance of the illegality of a contract where there is no moral turpitude, is strong grounds for granting relief to the party seeking relief on that ground. 15 Am. and Eng. Ency. of Law (2 Ed.), 1004-1005, and cases cited from twenty states; Palace Car Co. v. Transportation Co., 65 Fed. Rep. 158; Hogan v. Insurance Co., 69 Conn. 503. (7) Upon well founded principles of equity and right plaintiff should recover the amount paid out by him as premiums. Supreme Lodge v. Metcalf, 43 N. E. Rep. (Ind.) 893; Downey v. Hoffer, 110 Pa. St. 109; Cheeves v. Anders, 87 Texas 287; Ferry Co. v. Railroad, 73 Mo. 389; McKee v. Ins. Co., 28 Mo. 383; 19 Am. and Eng. Ency. of Law (2 Ed.), p. 99; Green v. Corrigan, 87 Mo. 370.

ELLISON, J.—The defendant issued a life insurance policy whereby it insured the life of Mrs. Mercy A. Carey in favor of her son C. E. Carey in the sum of $3,000. Afterwards, Mrs. Carey and her son assigned the policy to plaintiff. On the day of the assignment, and in connection with it, plaintiff and C. E. Carey entered into a contract whereby it was agreed that plaintiff should pay the premiums on said policy and on the death of Mrs. Carey he should secure $2,000 of the sum payable in the policy and C. E. Carey should receive the remaining $1,000. Under this contract, plaintiff paid to the company three quarterly premiums amounting to $174.39. The defendant assented to the assignment under the impression that plaintiff was a creditor of the insured. But when it learned of the facts upon

which the assignment was based, it wrote plaintiff that it was not lawful for him to take an assignment of the policy merely in consideration of his advancing money to keep up the insurance. Afterwards, the company denied any liability to plaintiff; that is to say, denied the validity of the assignment and contract therewith, or that it would become liable to pay plaintiff any part of the policy on the death of Mrs. Carey. The company also denied plaintiff's right to a return of the premiums he had paid. Plaintiff thereupon instituted this action to recover such premiums, and prevailed in the trial court.

Plaintiff had no insurable interest in Mrs. Carey as a creditor or otherwise, and it is conceded that the contract of assignment, made as stated, was void as against the policy of the law.

We think that plaintiff ought not to be allowed to recover. His right of action is necessarily based on an illegal contract, and being so, he is shut off from aid at the hands of the courts. To prove his case against the defendant he must necessarily rely upon the manner of his ownership of the policy. In investigating that question, the consideration leading thereto and supporting such ownership, would be brought out and thus his own illegal and wrongful conduct be made to appear.

His case in the brief in his behalf is put upon the idea that the contract of insurance is executory until the death of the assured, and that he has a right to retire from the contract at any time before it becomes executed. That principle of law is not applicable to the facts. The contract whereby he became a party to the transaction was executed. The only thing which gave him any right or interest in the transaction and upon which he must depend to sustain his claim, is his wrongful act, and it precludes him from obtaining redress at the hands of the law.

We have examined the authorities cited by plaintiff and have gone over the reasons assigned by him

in support of the judgment; and while not questioning many of the statements of legal principles we deny their application. The authorities relied upon by defendant will be found collected in briefs of counsel.

The judgment is reversed.