J. W. GILLUM & CO., Respondents, v. FIRE ASSOCIATION OF PHILADELPHIA, Appellant.

Kansas City Court of Appeals, April 4, 1904.

1. **INSURANCE: Iron-Safe Clause: Instruction: Written Instrument.**   An instruction relating to the waiver of the iron-safe clause in an insurance policy is condemned as violating the rule that all prior and contemporaneous agreements are included in the written instrument.   Cases distinguished.

2. **————: Books and Inventories: Bank Pass Book: Evidence.** The evidence reviewed and it is held that the insured did not substantially comply with the iron-safe clause as to keeping books and inventories; the bank pass book is not such evidence as is required by said clause of the policy and it was incompetent evidence.

3. **————: ————: Evidence.**   The admission in evidence of the footings of certain destroyed inventories are held improper since the iron-safe clause required their production and not the secondary evidence of their contents.

Appeal from Adair Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

REVERSED AND REMANDED.

*Fyke Bros., Snider & Richardson* for appellant.

(1) The court erred in giving instruction number 1 for respondents. There was no evidence to support it. It was not pretended that respondents had complied with the contract of insurance sued on. They kept no cash book. It was impossible, as respondents themselves admitted, for any one to tell from the books they kept anything about the amount of the loss. (2) Respondents' instruction No. 4 is erroneous. We believe it has never been held yet, even in an insurance case, that where suit is brought upon a written contract of insurance that recovery can be had upon an oral agreement made before the written contract was entered into. Besides, the respondents, eight months before the fire, received the policy as it was written; took it home, read it over and fully understood its terms and conditions; said nothing until after a fire, and then claim the contract is not what it was agreed it should be. If this can be upheld it is utterly futile to have written contracts. Insurance Co. v. Neiheryer, 74 Mo. 167; Helm v. Railroad, 98 Mo. App. 419; Catterlin v. Lusk, 98 Mo. App. 182; Maupin v. Ins. Co., 45 S. E. 1003; Assurance Co. v. Norwood, 57 Kan. 617; Mc Honey v. Ins. Co., 52 Mo. App. 94; Ins. Co. v. Buchalter, 83 Mo. App. 504. (3) The court erred in admitting in evidence the bank book. It was not made by respondents. It was in no sense a cash book, showing amount of sales. It was utterly useless as a guide to enable appellant's representative, if he desired, to arrive at the amount of respondents' sales, or what he sold. Rives v. Fire Assurance Co., 77 S. W. 424.

*Reiger & Reiger* for respondents.

(1) Instruction No. 1 given in behalf of respondents was proper. There was evidence to sustain it. There was a substantial compliance with the terms of the contract of insurance. A substantial compliance is all that is necessary. McCullum v. Ins. Co., 61 Mo.

App. 352; Burnett v. Ins. Co., 68 Mo. App. 343.  (4)
The evidence of the amount of the invoices of January
and June before the loss was admitted as it might tend
to show the amount of goods in the store at the time
of the fire.  This was necessary for respondents to
prove.  Appellant further asks instruction No. 1 and
the same was given by the court, relating to the value
of the property destroyed.  It can not now be heard to
complain of the admission of the evidence. John Moore
was permitted to testify without objection to the in-
voices and the amount they aggregated.  Summers v.
Ins. Co., 53 Mo. App. 521.  (5)  The iron-safe clause is
not an issue in this case.  No books were burned or nec-
essary invoice lost by reason of the absence of the safe
or by reason of the fire.  Apart from that, the condi-
tion to keep a safe was waived.  The books and the in-
ventory upon which the policy was issued were kept
in a safe place as provided in the above clause.  (6)
The case was submitted on the theory of a waiver of
the conditions of the policy.  Defendant's agent was
placed on the witness stand to deny any conversation
relating to the contract of insurance and appellant
asked instruction No. 3 on the question of waiver, the
jury found that issue in respondent's favor.  Appellant
is bound by that finding.  Hayes v. Bunch, 91 Mo. App.
467.

BROADDUS, J.—This is an action on a policy of
fire insurance issued by defendant to plaintiff on Sep-
tember 20, 1901, covering a retail stock of merchan-
dise in the sum of six hundred dollars with an addi-
tional one hundred dollars on store fixtures and furni-
ture.  The policy in suit contained what is known as the
"Inventory and Iron-Safe Clause."  The plaintiffs ad-
mit that they did not keep the safe required by the
terms of the policy and relied on an alleged agreement
with the agent of the insurance company made before
the policy was issued and delivered that, it was not nec-

essary to keep books or to keep a safe. It was shown that plaintiffs were fully aware of said conditions in their policy and that they made no objections to it for that reason. The evidence showed that plaintiffs kept a ledger containing their purchases of goods and of their credit sales and had a bank pass book containing a deposit of goods sold for cash with other deposits of money borrowed, but the classes of deposits were not separated and one of the plaintiffs in his testimony arrived at the amount of cash sales by approximation. An inventory taken the day before the date of the policy was produced together with said ledgers containing purchases and credit sales, and the said pass book; all having been kept in a building separate from that of the storeroom. Two other inventories, one taken January 1 and the other June 1, 1902, were destroyed by the fire which occurred June 9 of said year. The plaintiffs, over the objection of defendant were allowed to prove the amount of goods on hand as shown by said inventories. Said "inventory and iron-safe clause" reads as follows: "In case this policy covers stock of merchandise, it is expressly warranted by the insured as follows, to-wit: First. That the insured will take a complete itemized inventory of stock on hand at least once in each calendar year, and unless such inventory had been taken within twelve calendar months prior to the date of this policy, one shall be taken in detail within thirty days or this policy shall then be null and void, and on demand of the insured the unearned premium from that date shall be returned. Second. That the insured will keep a set of books, which shall clearly and plainly present a complete record of business transacted, including all purchases, sales and shipments, both for cash and credit, from the date of such inventory, and during the continuance of this policy. Third. That the insured will keep such books and inventory, and also the last preceding inventory, if such had been taken, securely locked in a fire-

proof safe at night, and at all times when the building mentioned in the policy is not actually open for bus-iness, or failing in this, the insured will keep such books and inventories in some place not exposed to a fire which would destroy the aforesaid building; and, in case of loss, the insured specifically warrants, agrees and covenants to produce such set of books for the inspection of this company. In the event of failure to produce such set of books and inventories for the inspection of this company, this policy shall become null and void, and such failure shall constitute a perpetual bar to any recovery thereon. No agent of this company shall have authority to waive, alter, change, or in any way modify, any of the above-specified conditions. Attaching to and forming part of policy No. 2322991 of the Fire Association of Philadelphia, Pa., . . . ."

The court at the instance of plaintiffs instructed the jury as follows: "If the jury believe from the evidence that at the time of and prior to creating (issuing) the policy of insurance in suit, defendant's agent talked the terms of the policy over with plaintiffs and then gave plaintiffs to understand that the iron-safe clause, requiring a full set of books to be kept would be omitted from said policy, or waived the terms of said clauses, and that upon the faith of such understanding with defendant's agent, plaintiffs accepted said policy, then such understanding and agreement amounted to a waiver by defendant, to demand that plaintiffs keep an iron safe in their store for keeping books and invoices, and also a waiver of the clause requiring plaintiffs to keep a full set of books."

This instruction is a clear violation of one of the plainest and most beneficial rules of the law, viz: That all prior and contemporaneous agreements are included in the written agreement. The plaintiffs seek to uphold said instruction on the authority of the following cases: Mining & Smelting Co. v. Ins. Co., 62 Mo. App. 293; Parsons v. Fire Ins. Co., 132 Mo. 583. The former

holds: "Though a policy of insurance contains stipulations avoiding the contract if the property be vacant, etc., without permission therefor indorsed thereon, yet if the company has at the time notice of the true situation and knows that the policy does not state it truly, but still issues it and collects the premium, then it will not be allowed to defeat the policy on account of the violation of such stipulation." In the latter case (Parsons v. Ins. Co.) the insured did not own the land on which the house was situated, which fact was communicated to the company's agent; notwithstanding such knowledge, the agent issued a policy containing a provision that if the assured did not own the land on which the insured building was located the policy should be void, unless such fact appeared in writing on such policy. The court held that defendant could not claim a forfeiture under such circumstances. Neither of these cases support the contention of the plaintiffs. They merely apply the rule that an insurance company is bound by the knowledge of its agent of the existence of certain conditions of the property insured at the time of the issuance of the policy, although by the terms of the policy such conditions would render it void. The plaintiffs by accepting the policy agreed to keep a complete set of books and the last preceding inventory taken and lock them in an iron safe, or keep them in some other place not exposed to a fire which would destroy the storeroom. They seek to avoid the contract in that particular on the ground that they notified the defendant's agent beforehand that they would not keep an iron safe and a complete set of books and that the agent agreed that they might not do so. The law is otherwise. Ins. Co. v. Neiberger, 74 Mo. 167; Helm v. Railway, 98 Mo. App. 419.

Plaintiffs seek to further sustain said judgment on the ground that they substantially complied with the terms of the policy. That is to say, that the two ledgers, the bank pass book, the first inventory and proof of the

footings of the two destroyed inventories answered in every material respect the object aimed to be obtained, viz.: satisfactory proof of their loss. The evidence being undisputed the question was therefore one of law, but the court in instruction number one, given at the instance of plaintiffs, left it as a question for the jury. But of this action of the court defendant does not complain. But plaintiffs raise the question by their insistence that the evidence shows that they substantially complied with the terms of the policy. But we decline to so hold for the reason that the said bank pass book was not such evidence of their sales of goods as the policy required. Rives v. Ins. Co., 77 S. W. 424. And for the further reason that said book did not by inspection show the amount of cash sales of goods. This book was objected to as incompetent and the objection should have been sustained.

The court also committed error in permitting plaintiffs to prove the footings of the destroyed inventories and in admitting such footings as evidence, as the contract required that the inventories should be kept in an iron safe in the building or at some other place where they would not be destroyed by fire in case the storehouse should be burned. The clause in question was for the purpose of enabling defendant to properly adjust plaintiffs' loss in case of fire and was therefore a reasonable precaution, beneficial alike to both the insured and the insurer. The necessity for preservation of the inventories was therefore of the first importance. The defendant had the right under the terms of the policy to the production of the inventories and not secondary evidence of their contents. To prove the contents of such a paper *aliunde* would in most instances be impossible.

The plaintiffs having failed to keep the books and preserve their inventories, as required by the terms of the policy, they are not entitled to recover. Cause reversed. All concur.

ON MOTION FOR REHEARING.

BROADDUS, J.—It having been made to appear to the court that there was insurance on fixtures for $100 which was not contested on the appeal, it is ordered that the opinion be modified and the cause remanded with directions to the circuit court to enter up judgment in favor of respondent for that amount. Otherwise, the opinion to stand unaffected. Costs of appeal to be taxed against respondent. All concur.