## S. B. HEARSH, Respondent, v. THE GERMAN INSURANCE COMPANY, Appellant.

### Kansas City Court of Appeals, May 4, 1908.

1. **INSURANCE: Contents of Lost Policy: Pleading: Proof: Evidence.** *Held,* on the averments of the answer and the admissions of the reply, the contents of the destroyed insurance policy was sufficiently proven without introducing the policy or otherwise proving them.

2. **———: Pleading: Waiver: Concurrent Insurance: Defense.** Where the insured applied for a policy permiting concurrent insurance and the agent wrote the policy omitting such provision and the policy never came into the hands of the insured but the agent thereafter received the premium, knowing of the concurrent insurance, but not notifying the insured of the failure to insert the concurrent provision in the policy, such facts constitute a waiver of the defense of concurrent insurance.

3. **———: ———: Reforming Policy: Action.** And in such case the insured need not resort to a bill to reform the policy but may sue on the contract and rely on the waiver.

Appeal from Jackson Circuit Court.—*Hon. Edward P. Gates,* Judge.

**AFFIRMED.**

*Fyke & Snyder* for appellant.

(1)   Plaintiff has failed to prove a case, based either upon the particular written contract, stated in the petition, or the oral agreement to insure, indefinitely suggested in the reply.   (2)   If either or both such transactions occurred, there is no proof of contract terms in either case, and nothing by which it could possibly have been determined whether plaintiff performed his contract; if he had one, so as to create a responding obligation upon defendant's part to him.   Knights of Honor v. Foster (Tex.), 14 S. W. 922; Eyermann v. Cemetery Co., 61 Mo. 489.   (3)   According to the pleadings, this suit was based upon a specific written contract, identified by date and number, which said contract was afterwards abandoned by plaintiff for an oral agreement to issue a policy (an oral agreement to insure).   A plaintiff cannot sue upon one cause of action and recover upon another.   Clements v. Yeates, 69 Mo. 623.   (4)   Plaintiff alleges that he has performed all conditions of the policy issued to him, consequently must have accepted it as written, if so, proof of prior transactions leading up to said written policy should have been excluded upon defendants objection thereto; and instruction offered by defendant should have been given.   Ijams v. Insurance Co., 185 Mo. 499; Gillum v. Insurance Co., 106 Mo. App. 673; Helm v. Railroad, 98 Mo. App. 423.   (5)   If the reply is to be understood as charging error or mistake in the preparation of a policy and that plaintiff did not receive the policy for which he applied, for any reason, and the policy sued on, if he is suing upon the written policy, does not represent the agreement, then action should first have been taken to secure its reformation to conform to the agreement before enforcing the alleged obligation.   Koffman v. Railroad, 95 Mo. App. 489.

*Edwin Camack, Paxton & Rose,* and *Karnes, New & Krauthoff* for respondent.

(1) The affidavit for appeal lacks entirely the statement required by the statute that "affiant believes that the appellant is aggrieved by the judgment or decision of the court," and the appeal ought to be dismissed. Iron Works Co. v. Lead & Zinc Co., 102 S. W. 1104; Railroad v. Powell, 104 Mo. App. 362; Schnabel v. Thomas, 92 Mo. App. 180. (2) Appellant's abstract shows no abstract of the record proper, no trial, no filing of bill of exceptions. Recitals in the bill itself are not sufficient. · The abstract ought to be stricken out and the appeal dismissed. School District v. Boyle, 113 Mo. App. 340. (3) Defendant's agent was informed of the prior insurance and this constituted a waiver. Wolf v. Insurance Co., 86 Mo. App. 580, 582; Thompson v. Insurance Co., 169 Mo. 12, 23; Nickell v. Insurance Co., 144 Mo. 420; Millis v. Insurance Co., 95 Mo. App. 211.

BROADDUS, P. J.—This is a suit to recover on a fire insurance policy. The allegations of the petition are: "On the — day of February, 1906, plaintiff applied for insurance in the sum of two thousand dollars, on his stock of dry goods, clothing, boots, shirts, ladies' and gents' furnishing goods and notions, then owned by him and located . . . . and said stock of goods being of the value of $9,284.58. Said application was made to George W. Clinton, the duly authorized agent of defendant . . . , and on behalf of defendant said agent agreed with plaintiff for a valuable consideration in the way of premium to be paid by plaintiff, to insure said stock of goods against loss by fire, for the sum of two thousand dollars, for a term of one year; and afterwards as plaintiff is informed and believes, said agent wrote out and executed a policy of insurance to comply with said agreement, but said policy was never de-

livered to this plaintiff, because it was burned by a fire which destroyed the office of said agent. On February 15, 1906, plaintiff paid said agent the premium on said insurance, which said agent accepted and gave plaintiff a receipt on the letter head of said defendant, in words and figures as follows:" (Here follows a copy of the receipt.) The petition alleges the destruction of the goods by fire; that notice of loss was duly given; and that plaintiff requested defendant to furnish him with blank forms on which to make out proofs of his loss, but that defendant failed and refused to furnish such blank forms; and for that reason he has not furnished such proofs of loss.

The defendant's answer admits that plaintiff made application for insurance of his stock of goods as described; that it issued to him a policy insuring the same; and that it filed a true and correct copy of the same as so issued. The answer then proceeds to set out several of the provisions of the policy among which is one to the effect that "This entire policy unless otherwise provided by agreement indorsed hereon or added thereto, shall be void if the insured now has or shall hereafter make or procure any other contract of insurance, whether valid or otherwise, on property covered in whole or in part by this policy." The answer then proceeds to set up that plaintiff at the time he procured said insurance had other insurance of his property.

The plaintiff replied to defendant's answer to the effect that at the time the contract of insurance was entered into the defendant's agent knew he had other insurance and that it was his duty to so state in the policy, but whether he did so or not, plaintiff has no means of knowing as the policy was burned before it was delivered, "but plaintiff says that defendant cannot avoid its policy by reason of its own error in failing to insert a provision for such concurrent insurance;" and,

nor did plaintiff, "having never seen the policy ratify or assent to any such omission."

The plaintiff introduced evidence tending to prove the amount of goods he had at the time of insurance and their destruction by fire; that defendant had knowledge of other insurance and notice of loss and submitted his case to the jury without introducing a copy of the policy or proof of its contents. The defendant offered a demurrer to plaintiff's case which the court refused. Whereupon defendant offered an abridged form of the policy which the court, upon objection of the plaintiff, excluded. The finding and judgment were for the plaintiff from which defendant appealed.

Instruction numbered two given at the instance of plaintiff indicates the theory upon which the plaintiff submitted his case. It reads as follows:

"The court instructs the jury that if you find from the evidence that S. B. Hearsh at the time he applied to defendant's agent G. W. Clinton for insurance, told said Clinton that he had other insurance (specifying what), or if you find from the evidence that said agent Clinton, at the time of such application knew of such concurrent insurance, then the fact that such concurrent insurance existed constitutes no defense, to this action, even though you further find and believe from the evidence that there was no permit for such concurrent insurance written in the policy made out by such agent."

We will assume from the instruction that the plaintiff's recovery was upon the policy described. The contention of the defendant is that plaintiff was not entitled to recover on the policy because it was not offered in evidence, that is there was no proof of its contents; and that plaintiff did not prove a compliance with the terms of such policy. As the plaintiff could not file the policy of insurance which would have proved the terms of the contract of insurance, he was put to the necessity of showing what the terms were, unless the admissions

in defendant's answer supplied such proof. We are of the opinion that the statement in the defendant's answer that it issued a policy upon plaintiff's goods, and the further statement of the terms and conditions of the policy, taken in connection with the admission in plaintiff's reply, was sufficient proof of the contents of the destroyed policy.

Plaintiff by his reply admits that he did not comply with the terms of the policy set up as a defense, but justifies it on the ground that the conditions were waived. The argument of defendant is that as there was no proof of a waiver of the conditions of the policy after it was issued, plaintiff was not entitled to recover. To support such view we are cited to Gillum & Co. v. Fire Association, 106 Mo. App. 673. That was a case where there was an agreement between the agent and the insured before the policy was issued that the insured would not be required to comply with the "Inventory and Iron-safe clause" usually written in such policies. But at the time they accepted the policy they made no objections to it for that reason. The holding there is undoubtedly in keeping with the general rule, that all contemporaneous and prior agreements are merged in the written contract. But the court in a recent case reviewed said case in connection with the case of Ijams v. Insurance Co., 185 Mo. 466, and approved the rule stated yet held: "But that such stated rule is in no way contradictory of and is in no way inconsistent with the further rule that the obligation of a written contract may be waived by the conduct of the parties occurring after its execution. If a contract includes provisions which, if not complied with, involves a forfeiture, and the party for whose benefit the provision is inserted, knowing the other party is not complying with them, makes no objection and acquiesces therein, he waives the forfeiture." [Riley v. Insurance Co., 117 Mo. App. 229.] This seems to be the rule in this State.

[Thompson v. Traders Co., 169 Mo. 12; Polk v. Western Assurance Co., 114 Mo. App. 514.]

This case in one particular is unlike any of those referred to. The plaintiff made his contract for insurance in pursuance of the terms upon which he had the right to assume the defendant would issue to him a policy. The agent issued the one referred to which did not comply with the terms of the oral agreement for concurrent insurance, which as we have seen was destroyed by fire, and which he never saw. The agent with full knowledge of such fact received the premium of $30, without notifying plaintiff that concurrent insurance was forbidden by the terms of the policy. There is nothing to be found in any cases referred to that would prevent plaintiff from recovering under such circumstances as he had no knowledge when he paid the premium that the policy contained a clause forbidding concurrent insurance.

Here we are confronted with defendant's proposition that plaintiff could not recover on the policy until it was reformed and that he was not authorized to recover on the verbal contract of insurance as his action was not based on such a cause of action. No doubt but what such is the general rule, but it does not exist in actions of fire insurance contracts. In Riley v. Insurance Co., the action was based upon a written policy, yet the plaintiff was permitted to recover not-withstanding it had not been reformed so as to express the actual agreement entered into between the parties. And to the same effect is Thompson v. Traders Co., 169 Mo., supra; Hanna & Co. v. Insurance Co., 109 Mo. App. 152. Finding no error in the case, the judgment is affirmed. All concur.