HOLLENBECK & COMPANY, Respondents, v. MER-
CANTILE TOWN MUTUAL FIRE INSURANCE
COMPANY, Appellant.

**St. Louis Court of Appeals, October 6, 1908.**

1. **INSURANCE: Iron-Safe Clause.** In an action on an insurance
policy for the loss of merchandise, where the plaintiff's evi-
dence showed that he kept no cash account of goods sold, no
invoice of goods purchased and had on hand no invoice taken
before or after the policy was issued, contrary to provisions of
the policy, the policy was voided and the plaintiff could not re-
cover for the merchandise destroyed.

2. ————: **Misrepresentation: Facts Material to Risk.** An in-
surance policy on a building provided that if the insured had
concealed or misrepresented any material fact concerning the
insurance, the policy should be void. A mortgage on the prop-
erty was material to the risk and if the insured concealed the
existence of the mortgage in answer to questions in his applica-
tion, the policy was voided.

3. ————: ————: ————. But where in an action on such
policy the evidence showed that the plaintiff answered all ques-
tions asked by the defendant's agent truthfully, and the appli-
cation for insurance was prepared by the defendant's agent and
signed by the plaintiff without knowledge of what it contained,
the statements in the application were the statements of the
company and not of the plaintiff, and the fact that such applica-
tion showed there was no mortgage on the property did not
invalidate the policy, although the property was encumbered
by mortgage.

4. ————: **Proofs of Loss: Waiver.** Where an insurance com-
pany denies all liability for loss of property covered by its pol-
icy of insurance, on the ground that the insured had made false
statements in procuring the policy, it thereby waived the for-
mal proofs of loss and could not defeat a recovery on the
policy on the ground that such proof was not furnished.

Appeal from New Madrid Circuit Court.—*Hon. Henry
C. Riley*, Judge.

AFFIRMED IN PART AND REVERSED IN PART.

*Brown & Hubbard* and *Barclay & Fauntleroy* for appellant.

(1) A mortgage is a matter material to the risk and a failure to disclose the same when disclosure is required avoids the policy. Cagle v. Insurance Co., 75 Mo. App. 215; Holloway v. Insurance Co., 48 Mo. App. 1, affirmed on this point, 121 Mo. 87; Baxter v. Insurance Co., 65 Mo. App. 255; Hubbard v. Insurance Co., 57 Mo. App. 1; Harness v. Insurance Co., 62 Mo. App. 245. (2) The insured is bound by his statements in the application, in the absence of a showing of fraud or deceit on the part of the agent writing the application. Holloway v. Insurance Co., 48 Mo. App. 5; School Dist. v. Insurance Co., 61 Mo. App. 600; Lamar v. Insurance Co., 51 Mo. App. 447. (3) Failure to keep the last inventory as provided in the policy avoids the same and prevents a recovery thereon. Gillum v. Fire Ass'n, 106 Mo. App. 679; Dry Goods Co. v. Insurance Co., 100 Mo. App. 504; Lozano v. Insurance Co., 78 Fed. 278; Crigler v. Insurance Co., 49 Mo. App. 11.

*H. C. Riley, Jr.,* and *Ward & Collins* for respondent.

(1) Where the agent of company prepares the application and requests the insured to sign the same, the statements therein are the statements of the company and the company is estopped to claim them as warranties. Ormsby v. Insurance Co., 105 Mo. App. 143; Bushnell v. Insurance Co., 110 Mo. App. 223. (2) It was proper for the court to instruct the jury that if the appellant denied all liability on said policy on account of alleged false warranties, and continued so to do up to the institution of this suit, that proofs of loss was thereby waived. Weber v. Insurance Co., 35 Mo. App. 521; Hooker v. Insurance Co., 69 Mo. App. 141.

BLAND, P. J.—Defendant company, by its policy dated May 30, 1904, insured plaintiff against loss by fire as follows: Six hundred dollars on his one-story

frame building, situated on lot 11, block 18, in the town of Portageville, New Madrid county, Missouri; four hundred dollars on his stock of merchandise, consisting principally of drugs and medicines, located in said building.    In December, 1904, and during the life of the policy, the building was totally destroyed by fire, as was the greater part of the merchandise covered by the policy. The action is on the policy to recover the fire loss. Plaintiff recovered the full amount of the insurance.    The policy contained the following provisions:

"BOOK AND INVENTORY CLAUSE.—It is expressly stipulated and made a condition of this contract that: *First.* —The assured will take an itemized inventory of stock hereby insured at least once in each calendar year, and unless such inventory shall have been taken within twelve (12) calendar months prior to the date of this Policy, the same shall be taken in detail within thirty (30) days after said date, or this policy shall be null and void from and after the expiration of said thirty (30) days, and upon demand of the assured the unearned premium for the unexpired time of this policy shall be returned.

"*Second.*—The assured will keep a set of books, which shall clearly and plainly present in detail a complete record of the business transacted, including all purchases, sales and shipments of said stock, both for cash and credit, from the date of the inventory provided for in the first section of this clause, and during the continuance of this policy.

"*Third.*—The assured shall keep such books and inventory, and also the last preceding inventory, securely locked in fire-proof safe at night, and at all times when the building mentioned in this policy, or the portion thereof containing the stock described therein, is not actually open for business; or, failing in this, the assured will keep such books and inventories, at night and at all such times, in some place not exposed to a fire which

would ignite or destroy the aforesaid building; and, in case of loss, the assured specifically warrants, agrees and covenants to produce such books and inventories for the inspection of said company.

"*Fourth.*—In the event of failure on the part of assured to keep and produce such books and inventories for the inspection of said company, this entire policy shall become null and void, and such failure shall constitute a perpetual bar to any recovery thereon."

1.    Plaintiff's evidence shows affirmatively that he failed to comply with the iron-safe clause of the policy, in this, that he kept no cash account of goods sold, no invoice of goods purchased, nor did he have on hand any invoice taken before or after the policy was issued. This was a failure to comply with the substantial provisions of the iron-safe clause and takes the case out of the ruling of Malin v. Insurance Co., 105 Mo. App. 625, 80 S. W. 56, cited and relied on by plaintiff, and brings it within the ruling of Gillum & Co. v. Fire Ass'n, 106 Mo. App. 673, 80 S. W. 283, and Johnson v. Fire Ins. Co., 120 Mo. App. 80, 96 S. W. 697.    The policy was voided as to the merchandise, for failure to comply with the provisions of the iron-safe clause.    Johnson v. Fire Ins. Co., supra; Gillum & Co. v. Fire Ass'n, 106 Mo. App. l. c. 679; Bruer v. Kansas Mut. Life Ins. Co., 100 Mo. App. 540, 75 S. W. 380; Gibson v. Mo. Town Mut. Ins. Co., 82 Mo. App. 515; Crigler v. Ins. Co., 49 Mo. App. 11, and the court should have given defendant's instruction to the effect that plaintiff could not recover for the loss of the merchandise.

2.    The following printed interrogatories appear in the application for insurance: "(1) Are you the sole and absolute owner of the property to be insured?"    The answer in writing is "Yes."    (2) Is the property mortgaged or otherwise incumbered?"    The answer in writing is "No."    The policy contained the following clause:

"This entire policy shall be void if the insured has

concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

Plaintiff's evidence shows he was the owner of the building but that it was mortgaged to the county of New Madrid to secure a school note for the sum of $450, at the time the application for insurance was made, and that the debt had not been paid at the time of the trial. Plaintiff testified that defendant's agent came to the premises and solicited the insurance; that he inquired about the dimensions of the building, asked about the flues, etc., but asked no questions about mortgages or incumbrances; that after he (plaintiff) had agreed to take the insurance, and had truthfully answered such questions as he was asked about the property, the agent went away and in a few hours returned with the application for insurance, with the blanks filled in, and asked him to sign it but did not read or offer to read the application to him; that he (plaintiff) "skimmed" over it and then signed it. Plaintiff testified that he did not see the answer "No" to the question, "Is the property mortgaged or otherwise incumbered;" that the agent did not call his attention to it and at no time asked him any such question; that the answer to the question was not his answer, was not in his handwriting and he did not know it was in the application at the time he signed it; that he made truthful answers to all questions asked him by the agent; that he did not think the fact that the property was mortgaged was material to the risk; that if he had thought so he would have volunteered the information to the agent, and testified that all he did to secure the insurance was done in good faith. The agent testified that his wife wrote the answers to the

questions (not in plaintiff's presence) as dictated by him (the agent) and the answer "no," to the question in regard to the mortgage was in the application when plaintiff signed it.   On this evidence the court gave the following instructions:

"(2)   The court instructs the jury that if you believe and find from the evidence that plaintiff's application for insurance was prepared by defendant's agent not in the presence of and without the assistance of plaintiff, and that said agent after preparing the said application, presented the same to the plaintiff and requested the plaintiff to sign the same, which plaintiff then and there did, then you are instructed that the fact that said property was mortgaged or incumbered at the time plaintiff signed said application for insurance constitutes no defense to this action, provided that you further find from the evidence that the answer 'No' relative to the question in said application as to whether or not said property so insured was mortgaged or incumbered was the act of defendant's agent, and without the knowledge or consent of the plaintiff, and the answer 'Yes' to the question, 'Are you the sole and absolute owner of the property to be insured.' "

"(4)   The court instructs the jury that all that was required of plaintiff in making his application for insurance was to make truthful answers to all questions asked him by the agent of defendant, and to make known to defendant's agent any fact known by plaintiff to be material touching said application and insurance not inquired of by the agent or defendant, and if you believe from the evidence that plaintiff made truthful answers to all questions put to him by the agent of defendant at the time said application for said insurance was made and the plaintiff did not intentionally fail to communicate any material fact to said agent of defendant touching said application and insurance, and that said application for insurance was prepared by the agent of

defendant by said agent writing the answers to the questions contained in said application, and that said agent, after having so prepared said application, presented the same to plaintiff and at the same time represented and stated to plaintiff that the said application was properly and correctly prepared, and requested the plaintiff to sign the same, and that plaintiff confiding in the honesty and veracity of the statements and representations of the defendant's agent thereupon signed said application for insurance without reading the same or having the same read to him then your verdict should be for the plaintiff."

The mortgage was material to the risk, and if plaintiff failed to disclose it (if he was requested to do so) his failure voided the policy as to the building. [Cagle v. Insurance Co., 78 Mo. App. 215; Baxter v. Insurance Co., 65 Mo. App. 255.] But the undisputed evidence is that plaintiff was not required to disclose the mortgage and that the application for the insurance was prepared by defendant's agent in the absence of plaintiff, and that after being prepared it was not read to him, therefore, the application was the act of defendant not of plaintiff. [Bushnell v. Insurance Co., 110 Mo. App. l. c. 227-8, 85 S. W. 103, and cases cited therein.] Plaintiff is not bound by the answers to the questions propounded in the application, unless he had knowledge of the questions and answers thereto as written in the application when he signed it. Whether or not he had such knowledge was a question of fact for the jury which they found in plaintiff's favor under proper instructions given by the court and set out above.

3.    Timely proofs of loss were not furnished and defendant set up this fact as a defense. In his reply plaintiff pleads that defendant waived proofs of loss by denying all liability on the policy, assigning as a ground therefor that plaintiff made false statements in his application for insurance. The evidence shows that

defendant denied all liability for the reasons stated in the reply. On this feature of the case the court gave the following instruction:

"The court instructs the jury that if you believe from the evidence that within sixty days after the destruction of said building, merchandise and drugs, the defendant was notified thereof; and that the defendant denied any liability upon the policy of insurance on the sole ground of an alleged false statement as to a mortgage upon said property in procuring said policy; and has continued to deny all liability for said reason, then this amounted to a waiver of formal proof of loss, and defendant's failure to keep a set of books and inventory is waived, and the jury will find the issues for the plaintiff."

This instruction is in accord with sound reasoning and in harmony with the ruling of Weber v. Insurance Co., 35 Mo. App. 521; Hooker v. Insurance Co., 69 Mo. App. 141.

4.    Exceptions were saved to the giving of other instructions as well as to the admission of evidence tending to show plaintiff acted in good faith in applying for the insurance. We deem it unnecessary to discuss these exceptions for the reason the evidence is clear and convincing that plaintiff is entitled to recover for the loss on the building.

The judgment for the loss on the merchandise is reversed.

The judgment for the loss on the building is affirmed.

All concur.