HENRY BUSHNELL, Respondent, v. FARMERS MUTUAL INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, February 6, 1905.

1. INSURANCE: Application: Company's Act. Where the agent of the insurer makes application without the insured's assistance and presents the same with the request that the latter sign it, the statements therein are the statements of the company itself.

2. ———: Tenant's Negligence: Instruction. A stipulation in a policy of fire insurance made any act of gross negligence by the tenant the act of the insured. An instruction that if the jury believe the tenant burned a brushpile in "dangerous proximity" to the house and therefrom the house took fire, there could be no recovery, is properly refused, since there is no question of negligence embraced therein.

3. ———: Subsequent Encumbrances: Notice: Assessments: Estoppel. Where the insured notifies insurer's agent of subsequent encumbrances and the company thereafter collects assessments it is estopped from claiming that notice should have been given to the directory conceding notice to them ordinarily necessary.

4. ———: ———: Transfer: Construction. A stipulation in a policy of fire insurance made any transfer or change of title avoid the policy. *Held*, this did not mean an encumbrance or mortgage but a change in the title.

Appeal from Livingston Circuit Court.—*Hon. J. W. Alexander*, Judge.

AFFIRMED.

*Lewis A. Chapman, Loomis & Hudson* for appellant.

(1) A warranty in a contract of insurance must, if affirmative, be strictly and exactly true, and if promissory must be literally fulfilled; the validity of the entire contract depends thereon, otherwise it becomes void. 3 Joyce on Insurance sec. 1970; Digby v. Ins. Co., 3 Mo. App. 603; Crook v. Ins. Co., 38 Mo. App. 582; Maddox v. Ins. Co., 56 Mo. App. 343. (2) We claim that under the evidence in this case the plaintiff was barred from a recovery for the reason that the contract was nullified by reason of the falsity of the warranty. 3 Joyce on Ins., sec. 1275; School Dist. v. Ins. Co., 61 Mo. App. 597; 3 Joyce on Ins., sec 1970; 3 Joyce on Ins., sec. 1962; Fitch v. Ins. Co., 59 N. Y. 557; Thomas v. Ins. Co., 108 Ills. 91; Campbell v. Ins. Co., 98 Mass. 381; Fowler v. Ins. Co., 16 Am. Dec. 460. (3) A false statement as to encumbrance on the amount of the same vitiates the policy where made a part thereof and a warranty or where made a material by stipulation or special inquiry. 3 Joyce on Ins., sec. 2016; Hayward v. Ins. Co., 10 Cush. 444; Ins. Co. v. Jordan, 24 Neb. 358; Smith v. Ins. Co., 118 N. Y. 518. (4) Instruction number 3 asked by the defendant and refused by the court should have been given. Why the court refused to give this instruction it would be hard to state. R. S. 1899, sec. 748. (5) The court sitting as a jury in the trial of a cause should not deny to a party declarations of law applicable to the facts of the case. Cunningham v. Snow, 82 Mo. 587; Harbison v. School District, 89 Mo. 184; Davis v. Scripps, 2 Mo. 187; Miller v. Brencks, 83 Mo. 163; Heisey v. Goodum, 90 Mo. 366; Tyler v. Larmore, 19 Mo. App. 446; Lee v. Poter, 18 Mo. App. 387; VanBuren v. Ins. Co., 28 Mich. 399. (6) The court committed error in refusing to give on behalf of the defendant instruction number 6 of the instructions asked by the defendant. One of the defenses set up in

the answer was that in addition to the encumbrance on the land at the time the contract of insurance was made the plaintiff executed and delivered other deeds of trust conveying the premises insured. (7) A policy may prohibit any alteration in the title or ownership. Where a clause of this nature is inserted it has been held that a mortgage will constitute an alteration within the meaning of the clause. Hutchins v. Ins. Co., 11 Ohio St. 477; 3 Joyce on Insurance, sec. 2267.

*J. M. Davis & Sons, B. B. Gill* and *Sheetz & Sons* for plaintiff.

(1) The application was not referred to in the contract or policy of insurance and was not by the terms thereof made a part of the contract of insurance, and therefore was not a part thereof. Elliott v. Ins. Co., 76 Mo. App. 566, and cases cited; Goodson v. Ins. Co., 91 Mo. App. 348; Ins Co. v. Monninger, 18 Ind. 359; Ins. Co. v. Cotheal, 7 Wend. 72, 22 Am. Dec. 567; Ins Co. v. Harmer, 2 Ohio St. 452, 59 Am. Dec. 698. (2) The condition in section 6 of the by-laws requiring that ''if the interest of the property to be insured be a leasehold or other interest not absolute, it must be so stated in the application,'' did not require the insured to disclose the existence of the mortgage on the property and did not render the policy void, because he did not disclose the existence of the mortgage or deed of trust. Boulware v. Ins. Co., 77 Mo. App. 639, and cases cited. (3) A mortgage or deed of trust on property existing at the time of issuing an insurance policy does not avoid the policy even where the policy provides that the interest of the assured must be entire, unconditional and sole ownership. In order to avoid the policy by reason of liens or encumbrances, the policy must expressly provide that it shall be void if the property is encumbered. The policy in question does not so pro-

vide. Hubbard and Spencer v. Ins Co., 33 Iowa 333, and cases cited; Friezen v. Ins Co., 30 Fed. 357, and cases cited; Carson v. Ins. Co., 14 Vroom (N. J.), 300; 39 Am. Rep. 584; Ins. Co. v. Lancaster, 7 Tex. Civ. App. 677, 28 S. W. 126, and cases cited; Ins. Co. v. Coffman, 13 Tex. Civ. App. 439, 35 S. W. 406; Carrigan v. Ins. Co., 53 Vt. 418, 38 Am. Rep. 687; Ins. Co. v. Weill, 28 Gratt. (Va.) —, 28 Am. Rep. 364; Wolf v. Ins. Co., 115 Wis. 272, 91 N. W. 1014; Dolliver v. Ins. Co., 128 Mass. 315, 35 Am. Rep. 378. (3) A mortgage given on property covered by an insurance policy will not avoid the policy. A mortgage is not such an alienation, transfer or change of title as will avoid the policy. Jecko v. F. & M. Co., 7 Mo. App. 313; 2 Washburn on Real Property (4 Ed.), 165; Shepherd v. Ins. Co., 38 N. H. 232; Fulsom v. Ins. Co., 10 Fost. 231; Ins. Co. v. Bruner, 23 Penn. St. 50; Tittemore v. Ins. Co., 20 Vt. 545; Pollard v. Ins. Co., 42 Me. 221; Smith v. Ins Co., 50 Me. 96; Dutton v. Ins. Co., 9 Fost. 153; Rollins v. Ins. Co., 5 Fost. 200; Jackson v. Ins. Co., 40 Mass. 418; Rice v. Tower, 67 Mass. 426; Conover v. Ins. Co., 3 Denio 254; Ins Co. v. Stewart, 13 Ind. App. 627, 42 N. E. 286; Taylor v. Ins Co., 83 Ia. 402, 49 N. W. 994; Loy v. Ins Co., 24 Minn. 317; Fire Office v. Clark, 53 Ohio St. 414, 42 N. E. 248. (4) Negligence of the tenant of the assured or his children, even though it had been shown, which it was not, that it was the cause of the fire, is not a defense to this action. Gates v. Ins Co., 5 N. Y. 478, and cases cited, 55 Am. Dec. 360; Ins. Co. v. Glasgow, 8 Mo. 713; Lovelace v. Ass'n, 126 Mo. 116; Karow v. Ins. Co., 57 Wis. 56, 15 N. W. 27; Pool v. Ins. Co., 91 Wis. 530, 65 N. W. 54; Mut. Pro. Co. v. Douglas, 58 Pa. St. 419, 98 Am. Dec. 298; Hinns v. Ins. Co., 16 Barb. 119. (5) The application having been written in its entirety by Tudor, the secretary of defendant, without having asked plaintiff a single question, as plaintiff testified, and as the court found, the application became and was the act of the insurance company and can not be used

against the plaintiff. Ins. Co. v. Wilkerson, 13 Wall. (U. S.), 232, cited and approved in Thomas v. Ins. Co., 20 Mo. App. 150; Lanyford v. Ins. Co., 97 Mo. App. 84; Donnelly v. Ins. Co., 70 Ia. 693, 28 N. W. 607, and cases cited; Stone v. Ins. Co., 68 Ia. 737, 28 N. W. 47. (6) Bushnell notified Jones, the president, and Tudor, the secretary and agent of defendant company, of the subsequent deeds of trust thereon. If defendant desired to avoid the policy it was their duty to cancel the policy instead of receiving the assessment thereon and leaving plaintiff to believe that the policy was a valid and continuing contract of insurance, and the defendant cannot now be heard to insist on a forfeiture. Mills v. Ins. Co., 95 Mo. App. 216, and cases cited; Ormsby v. Ins. Co., 98 Mo. App. 371; Laundry Co. v. Ins. Co., 151 Mo. 90.

ELLISON, J.—The defendant is a local farmers' insurance company in Livingston county which insured farm property. It insured the plaintiff's property for a term of five years and issued to him the policy in suit. Plaintiff prevailed in the trial court. The policy expressly makes the constitution and by-laws of the company a part of the policy itself, but does not include the application; though that omission is of no consequence as we view the case.

One of the principal points of defense is that at the time of the application and when the policy was issued there were one or more incumbrances on the property, and that plaintiff stated in the application that there were none. The reply plaintiff made to that was that the application was prepared by defendant's agent and secretary without the assistance of plaintiff and that he presented the application to plaintiff with the request that he sign it, which the plaintiff did. We have already ruled more than once that such fact made the application the act of the company and statements therein the statements of the company itself. [Thomas

v. Ins. Co., 20 Mo. App. 150; and Ormsby v. Ins. Co., 105 Mo. App. 143, citing Combs v. Ins. Co., 43 Mo. 148; Shotliff v. Ins. Co., 100 Mo. App. 138, and Ins. Co. v. Wilkinson, 13 Wall. 222. The defendant is therefore now disabled from setting up such defense.

It seems that the property was occupied by a tenant and that the by-laws make any act of gross negligence by the tenant the act of the insured. It further appears that there was evidence tending to show that the house was burned by the tenant setting fire to a pile of brush near by from which the house caught. In view of this, defendant asked an instruction which declared that if the brush pile was in "dangerous proximity" to the house and that the house took fire from it there could be no recovery. No question of negligence was embraced in the instruction and from defendant's own standpoint was properly refused. Men do many things which turn out to be dangerous in the light of results and yet they may be in no degree negligent.

The sixth instruction refused for defendant submitted that if plaintiff after the policy was issued put incumbrances on the property without the knowledge and consent of the company, that rendered the policy void. Defendant claims that knowledge of the company by the provisions of the contract of insurance means the knowledge of the board of directors and that there is no pretence that the board knew of the subsequent incumbrances. It is not necessary to discuss such suggestion from the fact that there was evidence tending to show plaintiff notified defendant's agent and secretary of such incumbrances and that thereafter the company collected assessments from plaintiff. The company is therefore estopped from now claiming that notice should have been given to the directory, conceding notice to them ordinarily necessary.

But it should be stated in this connection that the agent, while admitting the collection of assessments from plaintiff after the subsequent incumbrances were

placed on the property, denies that he had any know-
ledge of such subsequent incumbrances, thus contra-
dicting what plaintiff testified to on that head. So it is
a part of defendant's contention that instruction num-
bered 6, submitting the question as an issue of fact,
should have been given. The provision of the by-law
upon which the instruction was based is: "In case of
any transfer or change of title whatever in the property
insured by this company such insurance shall be void
and cease, unless assigned with the assent of the board
of directors." The question is thus presented whether
a mortgage incumbrance securing the payment of
money is a transfer or change of title within the mean-
ing of the by-law. It will be noticed that there must
be a *transfer* or *change* of title. Now, a mortgage is
a mere security for debt. In deeds of trust the legal
title so far passes as to make the trustee a proper party
plaintiff to bring ejectment. But after all, there has
been no substantial and real change of ownership of the
land further than to establish an encumbrance or lien
on it. And so the difference or distinction between
what is understood to be an incumbrance and a transfer
of title is recognized in the application and by-laws of
this company. Reference is therein made to an incum-
brance and to a change of title as distinct matters. A
mere lien for money which, if paid will discharge the
lien, is recognized as an encumbrance and not a trans-
fer or change of title. In determining questions like
the present, care must be taken to note the wording of
the by-law or contract to be construed. The interpreta-
tion of contracts of this nature vary with the language
used in expressing them. As, for instance, some con-
tracts will be found to read, "any *alteration*" of the ti-
tle; or, if the title is not "sole, absolute and uncondit-
ional;" or, "if the title be incumbered;" and the like.
These expressions have been frequently judicially con-
strued to cover a mortgage or deed of trust. [Grigsby v.
Ins. Co., 40 Mo. App. 276; Barnard v. Ins. Co., 27 Mo.

App. 26; Hubbard v. Ins. Co., 57 Mo. App. 1; Harness v. Ins. Co., 62 Mo. App. 245.] But confining ourselves to the contract before us, we hold that, in the sense of that contract, there was not a change or transfer of title by the subsequent mortgages or deeds of trust. The instruction was therefore properly refused.

The question has not been answered with uniformity by the authorities, as will be seen by an examination of the American & Eng. Encyclopedia of Law, vol. 13, pp. 24-246 (2 Ed.). But in view of the terms of the constitution, by-laws and policy in evidence, as well as the reason of the matter, we believe that we have given the proper construction.

The case has been argued and briefed at considerable length by the respective counsel, but the case is sufficiently considered and disposed in the foregoing. The judgment is affirmed. All concur.