JOHN P. COLEMAN, Respondent, v. THE CALDWELL COUNTY MUTUAL FIRE INSURANCE COMPANY, Appellant.

Kansas City Court of Appeals, May 6, 1907.

1. **MUTUAL FIRE INSURANCE: Constitution: Policy: Payment of assessment: Forfeiture.** The constitution of a mutual fire insurance company prescribed that if an assessment remained unpaid for sixty days after notice the delinquent should cease to have any right or claim against the company by reason of the policy, but that the claim for the unpaid assessment should continue. The policy contained no such provision. An assessment remained unpaid for more than sixty days and after that time a loss occurred, and thereafter the assessment was paid and accepted by the company. No right of forfeiture was exercised. *Held*, since forfeitures are not the favorites of the law there was no forfeiture and the policy was still binding.

2. ————: ————: ————: ————: ————. On issuing a policy the company exacted a cash premium for the full payment of five years and added thereto the assessments, and the two together entitled the assured to insurance for all of the five year period, and when the insurer accepted the past due assessment the act connected back with the premium and constituted a full payment of all the insured's obligations under the policy.

3. ———: **Warranty: Obligation: Agent's Act.** Where the insurer's agent writes the application and tells the insured it is all right, statements in the application may be held as those of the agent.

4. ———: ———: ———: ———: **Instructions.** Instructions in a trial before the court are of little importance save to show the theory on which the court decided the case, and as the insurer's agent took it upon himself to write out the application the responsibility of its being right was with the company.

Appeal from Caldwell Circuit Court.—*Hon. Joshua W. Alexander,* Judge.

AFFIRMED.

*M. H. Winger* and *J. M. Davis & Sons* for appellant.

(1) Under section 8079, Revised Statutes 1899, under which defendant is incorporated, the provisions of the constitution and by-laws become a part of the contract of insurance without being referred to in the policy, and the court committed error in refusing defendant's declaration of law numbered 27, so declaring. Havens v. Insurance Co., 123 Mo. 417, and cases cited. (2) The policies sued on and the application therefor providing that "I do hereby bind myself, my heirs and assigns, to pay my pro rata share to the said company of all losses or damages which may be sustained by any member thereof in such proportion and at such times as the directors of such company may, agreeable to their constitution and by-laws, require," is sufficient reference to such constitution and by-laws to make that part of the same in reference to the assessments a part of the contract and binding upon plaintiff. Bassett v. Irons, 8 Mo. App. 127. (3) Being a member of the corporation, the constitution of the defendant was binding on plaintiff, even though the constitution was not set forth or referred to in the contract of insurance, and it was error to refuse defendant's declarations of

law, numbered 5, 6 and 7 declaring that to be the law. Hill v. Mining Co., 119 Mo. 26; State v. Knowles, 185 Mo. 171; Purdy v. Insurance Co., 101 Mo. App. 102; Insurance Co. v. Curran, 42 Mo. 374; Froehly v. Insurance Co., 32 Mo. App. 312; Coles v. Insurance Co., 18 Ia. 425; Miller v. Hillsborough, etc., Assn., 42 N. J. Eq. 459, 7 Atl. 496, 10 Atl. 101; Clark v. Mutual Reserve, etc., Assn. (D. C.), 43 L. R. A. 395; Mandel v. Swan Co., 51 Ill. App. 204; McFadden v. Board of Supervisors, 74 Cal. 571, 16 Pac. 397; Hass v. Assn., 118 Cal. 6, 49 Pac. 1056; Bauer v. Sampson Lodge, 102 Ind. 267, and cases cited; Masonic Assn. v. Burkehart, 110 Ind. 189, 10 N. E. 79; Borbat v. Assn., 100 Ga. 681, 28 S. E. 503; Wetherly v. Society, 76 Ala. 567; Golden Rule v. Ainsworth, 71 Ala. 436; 3 Am. and Eng. Ency. Law (2 Ed.), p. 1081; May on Insurance, sec. 552; Wood on Fire Insurance (2 Ed.), sec. 1, and cases cited; Bacon on Benefit Societies (2 Ed.), secs. 161, 184, 185; Bliss on Life Insurance, sec. 463, et seq.; 1 Morawetz on Private Corporations (2 Ed.), sec. 500, and cases cited, secs. 500a, 501; Angell & Ames on Corporations, sec. 325; 1 Beach on Private Corporations, sec. 321. (4) The court erred in refusing declarations of law numbered 11, declaring that the collection by the defendant of the assessment made before the fire, did not estop defendant from claiming a forfeit of the policy caused by failure of the plaintiff to pay the assessment within the time required by defendant's constitution. Aside from this, plaintiff could not rely on an estoppel because he had not plead estoppel. Boon v. Turner, 96 Mo. App. 641 and cases cited; Golden v. Tyer, 180 Mo. 196.

*E. J. Smith* for respondent.

(1) The court committed no error in refusing defendant's declaration of law numbered 27 to the effect that by virtue of its provisions the constitution and by-

laws of a company organized under section 8079, Revised Statutes 1899, became a part of the contract of insurance and as such to be read into its policies. (2) There is no merit in defendant's second assignment of error. (3) Defendant's third assignment of error is not tenable and the refusing of defendant's declarations of law numbered 5, 6 and 7, was without error. The law as therein contended for is not the law of this State. McDonald v. Life Assn., 154 Mo. 618; Elliott v. Safety Fund L. A., 76 Mo. App. 562; at pages 566, 567 and cases there cited; Goodson v. Masonic Assn., 91 Mo. App. 339.

ELLISON, J.—This action is to recover the amounts alleged to be due plaintiff on two fire insurance policies. The judgment in the trial court was for the plaintiff.

The defendant is what is known, under the Missouri statute, as a Farmers Mutual Insurance Company, article 10, chapter 19, Revised Statutes 1899. It issued two policies to defendant. The first one was on his dwelling house and the second was intended as increased insurance on account of additional value being added by improvements to the building. The house burned on January 8, 1903, at which time there was due from plaintiff an assessment made more than sixty days prior to the fire, which he had been notified to pay, by notice through the mail, but had failed to do so. Shortly after the fire he paid the assessment, defendant accepting the same. Defendant claims not to be liable on the ground of plaintiff being delinquent in this assessment. There is no such provision in the policy, but the claim is based on the following portion of article 8, of defendant's constitution, viz.: "and if any member shall for the space of sixty days after such notice neglect or refuse to pay the sum assessed upon him, her or them as his, her or their proportion of the sum aforesaid, thenceforth every such delinquent

shall cease to have any right or claim against said company by reason of any policy, insurance or agreement executed by said company, but such delinquent shall continue liable for all demands due from him to said company, and no insurance policy shall be binding until the actual payment of assessments."

The effect of defendant's claim is to make a forfeiture of the policy if a loss occurred while the delinquency in assessment continued, although it accepted payment of the assessment after the fire, and although plaintiff had paid a cash premium for the entire period of insurance. There was no contract to that effect embodied in the policy. Notwithstanding it be conceded that plaintiff actually knew, or is presumed to have known, the provisions of the constitution of the company, yet, under the particular terms of this policy hereinafter again referred to, that will not affect his right to recover on his contract, unless defendant shall have first declared a forfeiture in some appropriate manner. The most that the constitution conferred upon the defendant company was a *right* to forfeit the policy. No such right was exercised. Plaintiff, for all that appears, was still treated as a member of the company and the delinquent assessment afterwards collected from him. Forfeitures are not favorites of the law. Courts struggle against their enforcement (Tetley v. McElmurry, 201 Mo. 382, 100 S. W. 37; Dezell v. Insurance Co., 176 Mo. 253; Loesch v. Insurance Co., 176 Mo. 654), and do not give effect to them when against conscience. [Knight v. Orchard, 92 Mo. App. 466.] If plaintiff had been made aware that a forfeiture was to be insisted upon, he might have procured other insurance. It seems to us altogether unreasonable to deprive him of his insurance in the circumstances shown, in connection with the terms of the policy to which we shall now refer.

We are not unmindful that parties must be allowed

to make their own contracts and that contracts providing for a suspension of liability during certain defaults of the assured are upheld. Furthermore, that where there is a default in payment of premium and a later acceptance of such premium after a loss, it will not be accounted a waiver if the forfeiture of the whole of the payments by the assured have been earned before the loss. For in such case, the insurer only accepts that for which it had rendered full value. But we have not such a case. In this case the policy provides that "In consideration of the stipulations herein named and the payment of $2.75 premium and an agreement of the insured to pay his ratio of all losses by fire or lightning that may be sustained by said company while this policy is in force, does insure J. P. Coleman for a term of five years from," etc. Under this contract plaintiff paid a cash premium for insurance for the *full period* of five years. It is true that he was also to pay assessments which might afterwards be made. But the payment of the cash premium and the payment of assessments entitled him to insurance for *all* of the period of five years. Plaintiff has paid both these obligations, and though the assessment was paid after it should have been, yet, when defendant accepted it, the act connected back with the premium and constituted a full payment of all of plaintiff's obligations under the policy. [Joliffe v. Insurance Co., 39 Wis. 111; Farmers Mut. Insurance Co. v. Bowen, 40 Mich. 147; Insurance Co. v. Lansing, 15 Neb. 494; Schoneman v. Insurance Co., 16 Neb. 404.] It follows that the trial court took the correct view of this phase of the case.

There was a further defense interposed as to warranties in the application as to ownership of the property and as to encumbrances, etc. But it was shown that defenlant's agent himself wrote out the application, and that he told plaintiff it was all right; that plaintiff

and he were old acquaintances, having known each other for near twenty-five years, and that plaintiff was a farmer who, practically, could not read, except by great effort.  We think in such circumstances the statements in the application should be regarded as those of the agent.  [Thomas v. Insurance Co., 20 Mo. App. 150; Bushnell v. Insurance Co., 110 Mo. App. 223.]

The defendant claims that it being admitted that there was an incumbrance of two hundred and fifty dollars on the property at time of issuing the policy under the second count, there should have been a finding for the defendant under that count.  We do not think so.  When a cause is tried without a jury declarations of law are of little importance save to show the theory upon which the court decided the case.  In this case there was evidence tending to show that as to the application upon which the policy in the second count was issued, the defendant's agent took upon himself to write it out and that he assumed the responsibility of its being right and stating the facts.  As already stated, he told this plaintiff it was all right.  He probably copied it from a prior application without making any further inquiry.  The evidence showed that he found plaintiff in the yard at work and told him to continue, that he would go into the house and write out the application, and call him in to sign.

There is room for the suggestion that since there were some declarations given for defendant concerning the representations as to encumbrances and title contained in the application, the court must have regarded that there was evidence to support the idea that the applications should be treated as those of plaintiff uninfluenced by defendant's agent.  And that as it was admitted there were encumbrances, the finding should have been for defendant.  But, as already stated, declarations of law in cases tried before the court are not

viewed so critically as when the cause is to be determined by a jury. In our opinion the court in rendering judgment for the plaintiff necessarily found the fact to be that the application was really the act of defendant's agent.

The view we have taken of the case disposes of all points raised. The defense seems to have been based altogether on technical objections. The consideration for the insurance was the premium paid and assessments for losses sustained by others. This plaintiff lived up to the contract except as to the time of paying the assessment above referred to, and that he afterwards paid. The judgment was manifestly for the right party and is affirmed. All concur.

### ON MOTION FOR REHEARING.

PER CURIAM.—We may concede the greater part of the argument made by counsel in support of the motion for rehearing and yet deny the motion. It is true that, ordinarily, an assessment earned before a loss may be collected by the insurance company after the loss and no waiver of the forfeiture be had. But, as we endeavored to explain in the foregoing opinion, the defendant received a cash premium from plaintiff covering the full period of insurance. A part of that premium was unearned at the time of plaintiff's default in the payment of an assessment and at the time of his loss. Defendant made no tender to plaintiff of the unearned premium; nor did it take any other step looking to a forfeiture. On the contrary, after the loss, it retained the unearned premium and also collected the assessment. The peculiar terms of the policy and the acts of defendant thereunder, are not consistent with a forfeiture as now claimed.