J. O. BEVER, Respondent, v. HOME INSURANCE CO., of New York, Appellant.

Kansas City Court of Appeals, February 21, 1910.

1. FIRE INSURANCE: Application: Warranty. If the soliciting agent of an insurance company knows that the applicant for a policy has had a previous incendiary fire, and himself writes out the application stating that the applicant has not had a fire of such character, it is the act of the company, and though the applicant signs it, it will not bar his recovery.

2. ———: Iron-Safe Clause: Books, etc. A substantial compliance with a policy requiring books and accounts to be kept, is all that is required; and if those kept would enable any one of ordinary understanding, accustomed to accounts, to ascertain the amount of goods on hand, it is sufficient.

Appeal from Vernon Circuit Court.—*Hon. B. G. Thurman*, Judge.

AFFIRMED.

*Scott & Bowker* and *Fyke & Snider* for appellant.

(1) The evidence showed a failure on the part of plaintiff to comply with the iron-safe clause. The alleged inventory was not an itemized inventory. Roberts, Willis & Taylor v. Insurance Co., 48 S. W. 559. (2) The books kept by plaintiff did not clearly and plainly present a complete record of the business transacted, including all purchases, sales and shipments of said stock, both for cash and credit. Trading Co. v. Insurance Co., 48 S. E. (Ga.) 918. (3) A person signing an instrument is presumed to know its contents. The court erred in admitting evidence of conversations and conduct in connection therewith. Dolan v. Insurance Co., 88 Mo. App. 675. (4) The policy was issued by the company relying upon the application. Insured is bound by the application. The company is not estopped. Iverson v. Insurance Co. (Cal.), 91 Pac. 609; Insurance Co. v. Harris (Tex.), 64 S. W. R. 867; Biggar v. Assurance Co. (Eng. K. B.), 1 K. B. Law Reports, 516. (5) The warranty was as to a material fact. Dolan v. Insurance Co., 88 Mo. App. 674.

*Irvin Gordon* and *Chas. E. Gilbert* for respondent.

(1) It was competent for plaintiff to state what was said and done by defendant's agent in preparing and writing the answers to the questions in this application, and since he did all of this, it became the defendant's application, and not plaintiff's. Ross Langford v. Insurance Co., 97 Mo. App. 79; Ormsby v. Insurance Co., 98 Mo. App. 375; Bushnell v. Insurance Co., 110 Mo. App. 223; Hollenbeck v. Insurance Co., 133 Mo. App. 61. (2) The order of the admission of testimony is largely in the discretion of the trial court and it may

be admitted even after a demurrer to the evidence has been sustained where failure to introduce it was inadvertence, and not kept back by trick or for an unfair purpose. Tierney v. Spira, 76 Mo. 279; State v. Baker, 36 Mo. App. 58. (3) Instruction A given for plaintiff correctly declares the law and it submitted this issue fairly to the jury. Howerton v. Insurance Co., 105 Mo. App. 575; Malin v. Insurance Co., 105 Mo. App. 641; Carp v. Insurance Co., 116 Mo. App. 535. (4) Instruction No. 5 asked by defendant was properly refused, and as given modified by the court, was certainly as favorable as it could ask. Ross Langford v. Insurance Co., 97 Mo. App. 79; Ormsby v. Insurance Co., 98 Mo. App. 375; Bushnell v. Insurance Co., 110 Mo. App. 223; Hollenbeck v. Insurance Co., 133 Mo. App. 61.

ELLISON, J.—This is an action on a policy of fire insurance in which plaintiff recovered judgment in the circuit court.

The point is made that plaintiff made false answers in his written application for the insurance which he warranted to be true, particularly in stating that he had never had a fire of incendiary origin. It was shown he had had such a fire; but there was evidence tending to prove that defendant's agent taking the application knew of that fact and that he wrote out the application for plaintiff, himself writing the answer to the question as to previous fires. In addition it was shown that plaintiff was without his glasses and could not read. In such circumstances the application must be considered as the act of defendant's agent and the trial court properly held it not to bar plaintiff's recovery. The issues on this head were properly put to the jury in instructions. [Hollenbeck v. Insurance Co., 133 Mo. App. 57; Bushnell v. Insurance Co., 110 Mo. App. 223; Ross-Langford v. Insurance Co., 97 Mo. App. 79; Thomas v. Insurance Co., 20 Mo. App. 150.

The policy contained a provision requiring plaintiff to keep an inventory, etc., commonly known as the iron-safe clause. It was a question whether there had been a substantial compliance with the policy in this respect. It was properly submitted to the jury and we will abide by the verdict.

There was a question made as to whether plaintiff had not himself set the fire or caused it to be done. It is probable that defendant being fully impressed that he had done so, thereby determined to contest the claim. But it made an issue for the jury. Each side asked and obtained instructions on that branch of the case and we must accept the verdict. One instruction asked by defendant on this issue was refused. We think it was not error to refuse it. It drew distinctions between a charge of incendiarism and the nature of the proof necessary in civil and criminal cases. However correctly they were stated, the instructions which were given fully covered the case and conveyed to the jury, in proper way, the necessary information as to the nature of the evidence required.

After an examination of the record and suggestions of defendant we cannot see that the court erred in refusing to permit an answer to the question as to how long before the fire plaintiff had purchased the goods. It might have been well enough if answered; but we are far from willing to reverse the judgment on account of the ruling, since we can see no way in which it could have had influence on the verdict.

There are some other objections, of not sufficient importance to affect the result. The judgment is affirmed. All concur.