KANSAS CITY, CLAY COUNTY & ST. JOSEPH RY. CO., Respondent, v. ROBERT I. YOUNG, Appellant.

**Kansas City Court of Appeals, December 9, 1912.**

1. **RAILROADS: Deed: Right of Way: Forfeiture.** Where a deed conveyed a right of way to a railway company, upon which to build a road, for the sum of one dollar and an additional sum of $500 to be paid before any work was done, and that if the payment of the $500 was not made, as agreed, the deed was to be null and void,—it was *held*, that merely beginning the work before making the payment was not a forfeiture of the title conveyed to the vendee.

2. ———: ———: ———: ———: **Conditions Subsequent: Payment of Consideration: Injunction.** An estate in land will not be forfeited merely for failure to perform a condition subsequent for the payment of money when the vendee is ready and willing to pay; and injunction will lie to stop the vendor's continuous interference with the vendee's possession.

Appeal from Buchanan Circuit Court.—*Hon. W. K. Amick,* Judge.

,AFFIRMED.

C. A. *Mosman* for appellant.

(1) It was error to grant the preliminary restraining order upon the reading of the petition. The verification was insufficient. The affiant only swore to his belief, not to the truth of the facts stated. Dinehart v. Lafayette, 19 Wis. 723; Shonk v. Knight, 12 W. Va. 679; Bank v. Skinner, 9 Paige 304; 2 High on Injunctions, Sec. 1567, 1569; 1 Spelling on Injunctions, Sec. 29 and 25, note 2, p. 40. (a) It was error for the court to refuse the defendant a hearing on the application to grant the temporary injunction, when defendant in obedience to the citation issued by the court had appeared, filed his verified plea showing cause against the granting of the writ. (2) Under the equity practice a defendant who has been notified to show cause why temporary injunction should not issue, has always been held to be entitled to show such cause and be heard against the granting of the writ. 2 High on Injunctions, Sec. 1577-1579; Graham v. Campbell, 7 Ch. D. 490; Insurance Co. v. Nobles, 63 Fed. 643; Baker v. Taylor, 2 Fed. Cases. Case No. 782; Wilson v. Stolley, 30 Fed. Cases, Case No. 17839; Railroad v. Troy, 10 Kan. 513; Stoddard v. Vallanningham, 14 Kan. 18.

*John E. Dolman* for respondent.

(1) The appellant by his agreement agreed to convey to respondent the right of way mentioned therein upon the subsequent condition that appellant should pay a further sum of five hundred dollars before actual construction of the railroad was commenced upon his land, and upon a failure to pay such deferred payment the contract should become void and the estate granted should revert to the appellant. Equity will relieve against a forfeiture for non-payment of money within a time fixed if the amount is tendered,

Beecher v. Beecher, 43 Conn. 556; Heman v. Wade, 140 Mo. 340. (2) Whenever a forfeiture is inserted merely to secure the payment of money or the performance of some act or the enjoyment of some right or benefit, equity regards such payment, performance or enjoyment as the real or principal intent of the instrument, and the forfeiture merely as an accessory, and will therefore relieve the obligator from the forfeiture whenever the actual damages can be adequately compensated. Ritchie v. Railroad, 55 Kan. 36; Asher v. Pendleton, 6 Gratt. 628; Gallaher v. Herbert, 117 Ill. 160, 7 N. E. 511.

ELLISON, J.—Plaintiff seeks to enjoin the defendant from interfering with its work in the construction of a roadbed through his land for an electric line of railway between Kansas City and St. Joseph, Missouri. The trial court, after a hearing of the merits, issued a permanent injunction.

It appears that defendant owns a farm through which it was proposed to run the railway; and the parties, on the 11th day of September, 1911, entered into a written contract in the nature of a deed whereby defendant conveyed a right of way through his premises to plaintiff in consideration of one dollar and the further sum of five hundred dollars to be paid defendant "before actual construction is commenced of building the railroad on the herein-described land." There was also the following proviso immediately after the covenants of warranty: Provided, that a failure to pay the defendant "the deferred payments, as above provided, shall render null and void all rights herein granted, and said rights shall revert to the grantor."

On the 21st of September defendant gave permission to enter his premises and store large quantities of cement in his barn, to be used in constructing the road; and to bring onto the right of way tools and machinery. In a day or two defendant notified parties

engaged in hauling, that no money had yet been paid and that they should quit. In a few days he complained of injury to his crops and asked that the men confine themselves to the right of way. Afterwards, on the 30th of September, defendant with threats ordered the men off the premises and posted up a notice that he would shoot any one who came upon the premises. It seems that plaintiff's representatives, on the 26th of September had sent to him a check, and supposing he had received it, called on him to ascertain what the trouble was. The complaint defendant then made known was the destruction of his crops. According to the testimony given by defendant he did not receive the check and one of plaintiff's agents, on October 12, offered him another check, which defendant refused; not, however, on account of its being a check. He claimed some verbal contract about a bridge.

Afterwards, on November 1, plaintiff made a formal tender of the five hundred dollars and then, as plaintiff claims, defendant for the first time, with a view of claiming an end to the contract, stated that it had not been kept. On the next day plaintiff began construction of the road, and on November 7 defendant drove the men from the premises. On the next day plaintiff began these proceedings. A restraining order was issued pending a hearing for temporary injunction. It was, however, agreed on November 14 that the case would be heard on the merits the next day. At that hearing, as has been already stated, a permanent injunction was issued.

Defendant complains here that the court erred in granting the restraining order on account of defective affidavit. We think the point not well made. He also complains that the court erred in granting a temporary injunction on the reading of the petition. He insists that he appeared, prepared to contest the temporary writ under Sec. 2532, R. S. 1909, and that he was refused a hearing. Whatever there may have been

in this was waived by defendant's agreeing in court
to take up the case on its merits and no temporary writ
was issued.

At the hearing on the merits, defendant testified
that he refused the five hundred dollars when formally
tendered ''because the contract was broken and I
didn't have to accept it;'' that he ''thought the con-
tract was forfeited.''

We are of the opinion that the facts and circum-
stances would not justify a forfeiture of plaintiff's
deed or contract. Plaintiff makes no pretense of right
to take the land without paying the sums of money
agreed upon. The evidence shows that defendant's
permission was asked to enter upon the land. That in
the meantime a check for the money had been sent to
him and that finally a formal tender had been made.
All of this within the short space of perhaps four
weeks. It seems clear that defendant's effort is to
seize upon the merest technical breach as to time as an
excuse for a forfeiture, and that after his first waiver
himself by letting the material and teams on the prem-
ises before the payment. It looks much like a matter
of advantage is being sought instead of a conscientious
desire to carry out the contract substantially as agreed
upon. Forfeitures are not kindly looked upon in
equity (Tetley v. McElmurry, 201 Mo. 382; Coleman
v. Ins. Co., 125 Mo. App. 643), nor are they especial
favorites of the law.

We do not think the conveyance gave a right of
absolute forfeiture of the contract from a mere inad-
vertent failure to pay the five hundred dollars before
beginning work, if there was no intention of plaintiff's
part to terminate it. The contract, as above quoted,
reads that the consideration of the grant of the land
is $500. The time of payment is before beginning
work. But subsequent failure to pay at time agreed
does not nullify a conveyance. However, it is said that
the other part of the deed, above quoted, reciting ''that

failure to pay the deferred payments as above provided shall rended null and void all rights herein granted,'' gives a right of forfeiture immediately upon a failure to pay as agreed. We do not think so. That provision, like the other, is in effect a security for the payment of the money with the right to have forbidden an entrance on the premises in the first instance until the money was paid, and when that was done its function ceased.

The deed conveyed the land with a subsequent condition that nothing should be done on it until the money was paid. It doubtless gave defendant the rights and remedies of a grantor who has attached conditions subsequent to his conveyance. He could, of course, go into court and seek proper relief. But he cannot cut plaintiff out of all right in the property,—defeat a vested estate,—merely by his individual pronouncement to that effect. [Messersmith v. Messersmith, 22 Mo. 369; Haydon v. Railroad, 222 Mo. 126, 139.]

Defendant, in a reply brief, asserts that he is not asking that a forfeiture be declared by the court, but that he is in the exclusive possession. We do not think so. He invited, or at least consented, that material and tools be brought upon the ground. It is true that he afterwards ordered the men off and put up a warning sign, but plaintiff never surrendered its claim and possession was never given up to him. The men would return and resume work until finally plaintiff resorted to this proceeding to stop his vexation and interference. It must be remembered that at no time has plaintiff asserted any intention to avoid its obligation to defendant, but has all the while been trying to pay him. The judgment is manifestly for the right party and is affirmed. All concur.