GOLDEN W. BAXTER, Appellant, v. STATE INSURANCE COMPANY OF DES MOINES, Respondent.

St. Louis Court of Appeals, February 25, 1896.

Fire Insurance: BREACH OF WARRANTY: NONSUIT. A nonsuit is proper in an action on a fire insurance policy, when a breach of a warranty made in the application for the policy is established by the testimony of the plaintiff.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F ROY, Judge.

AFFIRMED.

*Fagg, Ball & Hicks* for appellant.

*Fyke, Yates & Fyke* for respondent.

BOND, J.—This is an action on an insurance policy for $300 on a house and $200 on the furniture therein, issued to plaintiff on the second of January, 1893, running for three years. The property was totally destroyed by fire on the twelfth of April, 1894. The defense was a breach of the warranty contained in the application for the policy. There was a judgment for defendant under a peremptory instruction as to the insurance on the house, and a verdict and judgment for plaintiff as to the insurance on the furniture under an instruction submitting to the jury the issue as to

waiver by defendant of proofs of loss. Plaintiff appealed to this court, and assigns as error the instruction given for defendant preventing a recovery for the loss sustained by the burning of the house.

This instruction was based upon the admission, contained in plaintiff's testimony, that the statement made by him in his application for insurance that the incumbrance on his house was $125 was incorrect, in that two incumbrances then existed on said property aggregating a much larger amount. The statement in the application was signed by plaintiff, and recited that it was a warranty. The court, therefore, did not err in taking the case from the jury on this point, when it appeared from plaintiff's testimony that there was a breach of the warranty as to incumbrances. *School District v. State Insurance Company*, 61 Mo. App. 597. As the plaintiff recovered judgment for the insurance apportioned to the furniture contained in the house, no error prejudicial to him was committed in the reception or exclusion of testimony. As the defendant does not insist upon its appeal, the judgment rendered will be affirmed. All concur.