TRAVELERS' FIRE INSURANCE COMPANY v. GLOBE SOAP COMPANY.

<div style="float:right">
85   169<br>
189  478
</div>

Opinion delivered January 20, 1908.

FIRE INSURANCE—DELIVERY OF POLICY.—Where a policy of fire insurance was deposited in the mail addressed to the assured party's agent before the property was destroyed by fire, and was received by such agent after the fire, the delivery of the policy was sufficient to bind the insurer.

Appeal from Jefferson Circuit Court; *Antonio B. Grace*, Judge; affirmed.

*Young & Rowell*, for appellant.

As between the appellant and appellee, there was no mutuality of contract, since the identity of persons had not been disclosed to anyone except to McRae, who, as appears by his own testimony, had no authority to bind the appellee. 13 Cyc. 598; 16 Am. & Eng. Enc. of L. (2 Ed.), 849; Ostrander on Fire Ins. 17. Where the offer comes from the company to insure, it is necessary that the policy be delivered to the insured and accepted by him before there is a contract of insurance. 41 Conn. 97. If there is merely a contract to insure, as distinguished from a contract of insurance, the contract must be delivered in order to complete the contract of insurance. 57 Atl. 440. Likewise, if the policy is issued without any request by the insured. 13 S. E. 798. When the policy is issued without the knowledge of the insured, and where it was effected through brokers and middlemen, the policy must be delivered in order to complete the contract. 60 N. H. 65. If the policy is issued, not upon application of the insured, but upon that of another for him, the policy must be delivered to the insured before the contract is binding. 20 Pa. Super. Ct. 238. See also 70 Ill. App. 615.

*Austin & Danaher*, for appellee.

If the insured employ another to procure insurance for him, such person is his agent, and not that of the insurer. 22 Cyc. 1444 and cases cited. Possession by the insured of a policy of insurance is *prima facie* evidence of the genuineness of the contract, and the burden is on the insurer to show its invalidity. 66 Ark. 612. Even when the broker solicits the insurance, he is ordinarily the agent of the insured, and not of the insurer. 16 Am. & Eng. Enc. of L. (2 Ed.), 971.

Battle, J. This action was commenced by the Globe Soap Company against Travelers' Fire Insurance Company on a policy of insurance against fire executed by the defendant to plaintiff and dated December 10, 1904, and in the sum of $1,000; the claim under the policy being for $410.26. The defendant denies liability under the policy, for the reason, as it claims, there was no contract of insurance at the time of the fire, which was on the 13th day of December, 1904, as the policy had not been delivered. The issues in the case were submitted to the court, sitting as a jury. He found for the plaintiff in the sum of $459.49, the amount sued for, and interest, and rendered judgment accordingly, and the defendant appealed.

The appellee instructed its brokers, Drexel, Brown & Company, to procure insurance for it, who ordered it from E. T. Marshall & Company, brokers, and they ordered it from A. L. McRae, an insurance broker, and he made application to appellant for it, procured the policy in controversy, and sent it to Drexel, Brown & Company for appellee. The policy was in the United States mail en route from Chicago to Cincinnati in an envelope addressed by McRae to Drexel, Brown & Company, when the fire occurred.

The policy reads, in part, as follows: "Travelers' Fire Insurance Company, of Pine Bluff, Arkansas, in consideration of the stipulations herein named and of twenty-two and 50-100 dollars premium, does insure the Globe Soap Company for the term of one year from the tenth day of December, 1904, at noon, to the tenth day of December, 1905, at noon, against all direct loss or damage by fire," etc. The insurance was absolute and unconditional. There was no evidence that it was to take effect upon any condition.

Drexel, Brown & Company were the agents of the appellee. *Phoenix Insurance Company* v. *State*, 76 Ark. 180; 2 Clark & Skyles on the Law of Agency, page 1720; Ostrander on Fire Insurance (2d Ed.), § 45, page 165; 1 Joyce on Insurance, § 414. In procuring the insurance they were not limited to any particular company or in any other manner. McRae was authorized to deliver it to the appellee for appellant. He sent it to Drexel, Brown & Company by depositing it in the United States mail before the fire and addressee received it on the morning after the fire. The deposit of the policy in the mail was a delivery to Drexel, Brown & Company (*Mutual Reserve Fund Life Association* v. *Farmer*, 65 Ark. 581); and, they being the agents of the appellee for that purpose, it was thereby delivered to the appellee.

Judgment affirmed.