# GEORGE TEBEAU v. GLOBE & RUTGERS FIRE INSURANCE COMPANY, Appellant.

### Division Two, July 16, 1917.

1. **FIRE INSURANCE: Meaning of Property.** The word "property" used in a clause in a fire insurance policy declaring that the policy shall be void "if the interest in the property be not truly stated" means the, property which in fact is protected by the policy; and if the insured was the unconditional owner of that property his interest is truly stated by a clause which names him as the owner, although there was at the time litigation over the fee of the ground on which the property stood.

2. ————: **Interest of Insured.** The words "interest of the insured" in a clause of the policy, in this case, declaring that the entire policy shall be void "if the interest of the insured be other than unconditional and sole ownership," mean the interest of the insured in the property insured, and was not intended as including any interest which the insured might have or not have in the ground on which the property was located.

3. ————: **Warranties: Fee Simple Title: Outstanding Inchoate Dower.** Within the contemplation of a clause in the policy declaring it should be void "if the subject of insurance be a building on ground not owned by the insured in fee simple," an outstanding contingent dower right did not render the title of the insured less than the fee simple title.

4. ————: ————: **Concealment: Materiality: Test.** A clause in an insurance policy declaring that the policy shall be void "if the insured has concealed or misrepresented in writing or otherwise any material fact or circumstance concerning the insurance or the subject thereof" does not avoid the policy or render a concealment material unless the disclosure of the facts concealed would have induced the insurer to decline the risk or enhance the premiums.

5. ————: ————: ————: **Pending Litigation: Materiality: Question for Jury.** Where the insurance policy covered a baseball stand, bleachers, club-house, ticket-office and fencing, which had been built under a contract containing an option to purchase the ground, and in a suit for specific performance the title had been decreed to the insured, and he had paid the purchase money into court and thereafter filed his motion asking for a diminution in the purchase price because the vendor's wife had an outstanding dower right which could not be controlled by the decree, the policy, thereafter issued, was not avoided by said clause because of the fact that the insured failed to inform the insurer that an appeal was pending from said decree, since the question of materiality was one for the jury, and there was evidence tending to show that the pending litigation was an immaterial fact in determining the risk or amount of premium.

Appeal from Jackson Circuit Court.—*Hon. Frank G. Johnson*, Judge.

AFFIRMED.

*Ed. E. Yates* and *Claude T. Goble* for appellant.

(1) The policy was to be void "if the interest of the insured be not truly stated herein." Interest is something different from title or ownership. Gibb v. Ins. Co., 61 N. W. (Mich.) 137. It includes any right or estate in or lien on real estate. Crosby v. Ottman, 85 Fed. 497, 29 C. C. A. 295; Abbott's Law Dictionary— "Interest." By its plain terms, therefore, the policy required Tebeau to have stated in the policy the true facts with reference to his "interest" in the insured property. (2) By accepting the policy as written Tebeau warranted that his interest was truly stated. Mers v. Ins. Co., 68 Mo. 187. The holding of this case is that one who takes insurance must disclose his interest whether inquired about or not. Bradley v. Ins. Co., 90 Mo. App. 392. (3) The policy sued on provides against conditional ownership. This provision is valid. The reason for it is given in Reithmueller v. Fire Assn., 20 Mo. App. 246, and Barnard v. Ins. Co., 27 Mo. App. 33. (4) Even under the policy clause against concealment, the state of interest must be disclosed. 2 Cooley's Briefs on Law of Ins., p. 1204. Concealment is "the withholding of any fact material to the risk which the insured in honesty and good faith ought to communicate." Clark v. Ins. Co., 40 N. H. 333, 77 Am. Dec. 721. Of course it must be intentional. Boggs v. Ins. Co., 30 Mo. 63. Nor is the concealment material unless the disclosure of the matter would have a tendency to influence the insurer in passing on the risk. Boggs Case, l. c. 67. "A concealment of facts by an applicant for insurance of a building against fire is not material unless a disclosure of the facts concealed would have induced the insurer to decline the risk or enhance the premium." Boggs v. Ins. Co., 30 Mo. 63. All of the evidence in this case went to prove concealment. Prior to the

decree in Tebeau v. Ridge, the risk was written with express warranty that Ridge owned the property in fee; this despite the fact that he held by lease only, with option to purchase. Neither before nor after decree was the company informed of the state of the title. The policy at risk was written in St. Louis. It required the interest of Tebeau to be "unconditional" and to be "truly stated." The company was never informed that the property was the subject of litigation—that an adverse decision in a law suit would place him in the position of a mere renter and make the property insured of little value. The uncontradicted evidence was that had the company known that it would not have taken the risk. Agents of the company testified that such situation would have made no difference to companies represented by them. This testimony is clearly outside the case for under the Boggs Case, the test is not what others might have done, but what effect would the situation have had on defendant, first, in reference to carrying the risk at all; second, what should be the rate? Would not the rate present a question analogous to peace and war rates in maritime insurance? Moreover, moral hazard is a large element that enters into the business of insurance. See 2 Cooley, Ins. Briefs, 1340: "It is in their relation to the moral hazard that the materiality of statements as to title and interest rests." The decree in equity being subject to review both on the law and facts, Tebeau's ownership, besides not being "truly stated" was not unconditional. A "condition" is defined as being a "situation containing or dependent on a condition or conditions, not absolute; made or granted on certain terms." Century Dictionary.

*Hadley, Cooper, Neel & Wright* for respondent.

(1) Plaintiff had title in fee simple and within the meaning of the "sole and unconditional" ownership clause, regardless of the outstanding inchoate right of dower of Mrs. Ridge. 2 Clement on Fire Insurance, p. 184 , rule 8; p. 176, rule 35; p. 76, rule 58; 2 Cool-

ey, Briefs on the Law of Insurance, 1352; 16 Am. & Eng. Ency. Law, p. 931; 19 Cyc. 698; Ins. Co. v. Bevis, 18 Ind. App. 17; Ins. Co. v. Kloeber, 31 Gratt. (Va.) 749; Ins. Co. v. Spankneble, 52 Ill. 53. (2) The decree of the circuit court in Tebeau v. Ridge, was final and effective, notwithstanding the pendency of the appeal. Rodney v. Gibbs, 184 Mo. 1; Railroad v. Atkinson, 17 Mo. App. 484; Burgess v. Hitt, 21 Mo. App. 313; Ins. Co. v. Hill, 17 Mo. App. 590; Brown v. Curtiss, 155 Mo. App. 376; Bick v. Dixon, 147 Mo. App. 69; Vantine v. Butler, 157 S. W. 588; 2 Cyc. 908. This rule obtains generally and is the law in Missouri. An appeal does not vacate, suspend or in any way affect the operation of a judgment or decree. A supersedeas bond merely stays execution, but there was no *supersedeas* in the Ridge case. 2 Cyc. 908. (3) The fact of the then pending litigation over plaintiff's title did not constitute a violation of the "sole and unconditional" ownership clause of the policy. 2 Cooley, Briefs on the Law of Insurance, 1369 (a), 1371 (b) and 1332 (d); 2 Clement on Fire Insurance, 152, rules 5 and 7; Morrison v. Ins. Co., 18 Mo. 262; Boulware v. Ins. Co., 77 Mo. App. 639; Leather Co. v. Ins. Co., 131 Mo. App. 701; Gaylord v. Ins. Co., 40 Mo. 13; Weber v. Ins. Co., 35 Mo. App. 521; Lingenfelter v. Ins. Co., 19 Mo. App. 267. 2 Cooley, Law of Fire Insurance, p. 1371, para. (c). A vendee in possession under a contract of purchase and being entitled to specific performance is the sole and unconditional owner within the meaning of this clause. 2 Cooley, Briefs on Law of Insurance, 1376, 1353-54; 2 Clement on Fire Ins., 168, rule 27; 167, rule 26; Lingenfelter v. Phoenix Ins. Co., 19 Mo. App. 267; Insurance Co. v. Cox, 98 Pac. 552, 20 L. R. A. (N. S.) 782. Though, in the contract of insurance the assured stipulated that the property was "his," or that he was the owner thereof, such contract was not avoided by the fact that he was only a vendee under a contract for the purchase of land, and did not hold the legal title thereto. Ins. & T. Co. v. Lewis, 42 Ga. 587; Gilman v. Ins. Co., 81 Me. 488; Wainer v. Ins. Co., 153

Mass. 335, 11 L. R. A. 598; Ins. Co. v. Fogelman, 35 Mich. 481; Ins. Co. v. Martin, 40 N. J. L. 568; Martin v. Ins. Co., 44 N. J. L. 273; Ins. Co. v. Tyler, 16 Wend. 385; McCulloch v. Norwood, 58 N. Y. 562; Chase v. Ins. Co., 22 Barb. 527, 20 N. Y. 52; Acer v. Ins. Co., 57 Barb. 68; Dohn v. Ins. Co., 5 Lans. 275; Pelton v. Ins. Co., 13 Hun, 23, 77 N. Y. 605; Ins. Co. v. McCulloch, 21 Ohio St. 176. (4) Plaintiff's failure to disclose the fact that the appeal was pending or that the title was in litigation did not constitute the concealment of a material fact. The trial court so found and held as a matter of fact. Boggs v. Insurance Co., 30 Mo. 63. (5) The fact pending litigation was not material, as a matter of law. 2 Cooley, Briefs on the Law of Insurance, 1362, 1332 (D); Morrison v. Ins. Co., 18 Mo. 262; Hill v. Ins. Co., 2 Mich. 476; Boulware v. Ins. Co., 77 Mo. App. 639; Leather Co. v. Ins. Co., 131 Mo. App. 701; Gaylord v. Ins. Co., 40 Mo. 13; Weber v. Ins. Co., 35 Mo. App. 521.

WILLIAMS, J.—This is a suit upon a policy of fire insurance. Trial was had before the circuit court of Jackson County, without a jury, resulting in a judgment in favor of the plaintiff in the sum of $8,400. Thereupon defendant duly perfected an appeal. The important facts may be summarized as follows:

The policy of insurance was issued for one year beginning December 9, 1911. The fire occurred September 22, 1912. The property covered by insurance was the "frame, concrete and brick foundation base-ball stand including bleachers, club-house, ticket-office and fencing," located at Olive and Twentieth Streets, Kansas City, Missouri. The total loss from the fire amounted to $20,000, $14,000 of which was covered by insurance, including this policy for $8,000. Said policy contained the following paragraphs:

"(1)  This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact and circumstances concerning this insurance or the subject thereof; or if the interest

of the insured in the property be not truly stated therein. . . .

(2) This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the interest of the insured be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple.''

Originally the plaintiff leased the land, upon which this ball park and improvements were located, from the owner, Thomas S. Ridge. The lease contract also contained an option of purchase clause, in favor of the plaintiff. Plaintiff owned all of the insured property at the time of the fire and concerning this there is no dispute; but defendant does deny that plaintiff owned the fee simple title to the land, within the meaning of the insurance clause. On this point, the evidence was that, in 1909, plaintiff exercised the option of purchase given him by the lease, but that Thomas S. Ridge refused to convey the property. Mr. Ridge's wife did not join in the lease or option contract. Plaintiff then brought suit for specific performance against Ridge, and on April 11, 1910 (which was before this policy was issued) the circuit court of Jackson County found in favor of plaintiff in the suit for specific performance and decreed the title to this land to be in the plaintiff, upon the payment of the purchase price of some $68,000. The plaintiff, thereupon, immediately deposited the purchase money in court. Afterwards the plaintiff filed a motion, in that cause, asking the court to allow him a diminution of the purchase price called for in the option of purchase by reason of the fact that Mrs. Ridge had an outstanding dower right which could not be controlled by the specific performance decree. The court overruled that motion and both the defendant Ridge and the plaintiff Tebeau duly appealed, from the judgment of the circuit court, to this court. The case was pending here on appeal at the time the insurance policy, in question, was issued and also at the time the fire occurred.

Afterwards the case was decided here. [Tebeau v. Ridge, 261 Mo. 547.]

The vice-president of the defendant company testified, by deposition, that defendant did not know that the property was involved in litigation at the time the policy was issued, and had it known so it would not have issued the policy.

One other witness testified for the defendant that it was the custom of insurance companies not to write policies on property which was involved in litigation.

In rebuttal, plaintiff offered evidence tending to show that it was the custom of insurance companies to write insurance on property involved in litigation of the character here mentioned.

There was also evidence showing that after this fire plaintiff rebuilt the grandstand and baseball properties and that, thereafter, insurance companies were informed of the pending litigation; but, notwithstanding said information, they issued policies on said property and at a reduced rate.

The only declaration of law offered in the case was a declaration in the nature of a demurrer to the plaintiff's evidence, offered by defendant; and the sole question involved upon this appeal is whether or not plaintiff made out a case under the pleadings and evidence.

I. The policy provides that it shall be void "if the interest of the insured in the property be not truly stated." What is the meaning of the word "property" in the above clause? Does it include property, other than that covered by the policy, or does it simply mean the property which is in fact protected by the policy? That the latter is the correct meaning we entertain no doubt. The uncontroverted evidence in this record shows that plaintiff was the unconditional owner of the property which was the subject of insurance at the time the policy was issued and later when the fire occurred. We, therefore, disallow appellant's contention that the insured's interest in the property was not truly stated.

*Property Insured.*

II. The policy further provides: "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void if the *interest of the insured* be other than unconditional and sole ownership; or if the subject of insurance be a building on ground not owned by the insured in fee simple." What is the meaning of the phrase "interest of the insured" in the above clause? Here again, we are of the opinion, it can mean nothing other than the interest of the insured in the property insured, and that it is not intended as including any interest which the insured might have or not have in the ground upon which the property is located. It is to be presumed, absent language in the policy clearly showing a contrary intention, that the term "interest of the insured" was intended as referring to the interest of the insured in the property which is the very subject-matter of the policy and the very property which the policy is made to cover. It will be noticed by reading the latter portion of the above clause that when the interest of the insured in property other than that covered by the policy is intended to be included clear and certain language is used showing that such other property is to be considered. If it should be held that the term "interest of the insured" is sufficient in its scope to cover the interest of the insured in the ground upon which the insured property is located, then it would follow that the use of the subsequent clause "or if the subject of insurance be a building on ground not owned by the insured in fee simple" was wholly unnecessary and performed no useful function in the policy. Since as above stated the evidence was sufficient to justify the court in finding that the interest of the insured (in the subject of insurance) was that of unconditional and sole ownership, we likewise rule this point against appellant's contention.

Was the ground, upon which these buildings were located, owned by the insurer in fee simple within the

Interest of the Insured.

meaning of said policy? In other words, did
Outstanding the outstanding contingent dower right of
Inchoate
Dower.    Mrs. Ridge render the title of the insured
less, than the fee simple title within the con-
templation of said policy? After a careful review of
the authorities, we have reached the conclusion that the
fee simple title to said land was vested in the insured,
at the date of the policy and subsequent loss, notwith-
standing the existence of such outstanding contingent
right of dower.

The correct rule here applicable, and which ap-
pears to have the support of the great weight of the
authorities on the point, is stated in 2 Clement on Fire
Insurance, page 184, as follows:

"The fact that the insured has title to the land on
which the building insured is situated by a deed from
a married man whose wife did not join in the convey-
ance, does not prevent the insured from being the owner
in fee simple; the estate owned by the wife who did
not sign the deed is an estate in the land itself, and
not a mere incumbrance resting upon it, but it is not
until the death of the husband that the wife has any
claim, legal or equitable, upon the real estate so con-
veyed, and if she does not survive her husband, her
estate terminates."

To the same effect are the following authorities:
2 Cooley, Briefs on the Laws of Insurance, page 1352;
16 Am. & Eng. Ency. Law, 931; 19 Cyc. 698 (note);
Insurance Co. v. Bevis, 18 Ind. App. 17; Insurance Co.
v. Kloeber, 31 Gratt. 749; Commercial Ins. Co. v.
Spankneble, 52 Ill. 53, l. c. 57.

III. The policy further provides: "This entire
policy shall be void if the insured has con-
Concealment.    cealed or misrepresented in writing or
otherwise any material fact or circumstance concern-
ing the insurance or the subject thereof."

Appellant contends that since the insured failed to
inform the appellant of the fact that an appeal was
pending from the above mentioned decree of the Jack-

son County Circuit Court, in the specific performance suit of Tebeau v. Ridge, that such failure upon the part of the insured amounted to a concealment of a material fact within the meaning of said policy. We are unable to agree with this contention.

In the case of Boggs & Leathe v. Insurance Co., 30 Mo. 63, the same being the main case relied upon by appellant in support of the above contention, it was held that a concealment was not material "unless the disclosure of the facts concealed would have induced the insurer to decline the risk or enhance the premium." And it was further therein held: "The question of the materiality or immateriality of the fact is always for the jury." [*Id.*, l. c. 67.]

In the case at bar there was evidence upon the part of plaintiff tending to show that the pendency of said litigation was an immaterial fact in determining the hazard of the risk or the amount of premium. There was evidence offered by appellant to the contrary. This was a law suit tried before the court sitting as a jury. He found for plaintiff and we are, therefore, to presume that he found that the fact was not a material one. There having been sufficient evidence to support such a finding it disposes of the point now urged by appellant and it becomes unnecessary to discuss the proposition as to whether the acts of the insured, as disclosed by this record, would or would not justify a finding that there was or was not concealment, within the meaning of said policy.

The judgment is affirmed. All concur.