WILLIAM BUCK, Respondent, v. STUYVESANT INSURANCE COMPANY OF THE CITY OF NEW YORK, Appellant.

St. Louis Court of Appeals. Opinion Filed February 7, 1922.

1. **INSURANCE:** Fire Insurance: Brokers: Procuring Insurance: Generally Agent of Insured: Rule. An insurance broker is generally the agent of the insured, although it must be determined from the facts in each particular case, whether the broker represents the insured or the insurer, or each for certain purposes.

2. ———: ———: ———: ———: Evidence: Broker Agent of Insured. In an action on a fire insurance policy to recover loss or damages to an automobile resulting from fire, where the policy was procured by a broker who represented the insured in the transaction, evidence reviewed and *held* that the broker in procuring the insurance was the agent of the insured.

3. ———: ———: ———: ———: Defenses: Misrepresentations: Binding on Insured. Where an insurance broker made misrepresentations to the insurer in an application for an insurance policy, in order to procure the policy, if he was acting as the agent of the insured at the time and not as the agent of the insurer, the insured is bound by the representations made in the application by the broker.

4. ———: ———: ———: ———: Mortgaged Automobile: Misrepresentations in Application by Agent: Policy Void. While it is usually a question for the jury as to whether or not misrepresentations materially affect the risk, depending largely on the kind

and character of misrepresentation, yet where the representations were that the property insured was not mortgaged, when in fact it was mortgaged for the full value, such representations, being material to the risk, as a matter of law, avoided the policy.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. J. Hugo Grimm*, Judge.

REVERSED AND REMANDED (*with directions*).

*Wilbur C. Schwartz* for appellant.

(1) The demurrer to the evidence should have been sustained for the reason that there was such a breach of warranty as materially affected the risk. As a matter of law, such a warranty voids a policy. Ramer v. American Central Ins. Co., 70 Mo. App. 47; Hollenbeck v. Insurance Co., 133 Mo. App. 57; Cagle v. Insurance Co., 78 Mo. App. 215; Batchelor v. Insurance Co., 65 Mo. 255. (2) The court erred in holding that the Mercantile Insurance Company, who effected the insurance for the plaintiff, were the agents of the insurer and not the insured, for the reason that there was no testimony in the record that they acted for the defendant in this case, but on the other hand, there was positive testimony in the record that the Mercantile Insurance Company and LeGrand Atwood representing said agency, were not agents of the defendant, but were acting as the agent for the plaintiff. Elliott on Insurance, p. 135, par. 157; 22 Cyc. p. 1427, chapter 5, and cases cited; Davis v. Hartford Insurance Co., 95 Wis. 226; Hartford Insurance Co. v. Reynolds, 36 Mich. 502; Standard Oil Company v. Triumph Ins. Co., 64 N. Y. 85; Hamlet v. City Insurance Company, 36 Fed. 118; American Fire Insurance Co. v. Brooks, 83 Maryland, 22.

*John B. Demsey* for respondent.

(1) The non-suit was properly set aside for the reason that there was no evidence that if the appellant

had known that the car was mortgaged, it would not have issued its policy to respondent. Boggs & Leathe Insurance Co., 30 Mo. 63; 1 May on Insurance, (4 Ed.), sec. 184; Farber v. Ins. Co., 191 Mo. App. 327; Ritchie v. Ins. Co., 104 Mo. App. 146. (2) All the evidence in the case establishes the fact that LeGrand Atwood was the agent of appellant and not of respondent, and his representations were those of appellant alone. And this is especially true in the case at bar, for that no representations were made by respondent or his employers and neither was asked regarding incumbrances when the insurance was ordered. Lehmann v. Fire Ins. Co., 183 Mo. App. 706; Farber v. American Auto Ins. Co., 191 Mo. App. 320. (3) The question of materiality of the representations, even if made by respondent, should have been submitted to the jury. R. S. 1919, secs. 6233-4.

NIPPER, C.—This is an action to recover on a fire insurance policy. Plaintiff brought suit in a justice of the peace court to recover $250, being the amount of indemnity in the policy against loss or damage to his automobile resulting from fire. Plaintiff recovered in the justice court, and on appeal to the circuit court the cause was retried, and at the close of the plaintiff's evidence plaintiff was forced to take an involuntary nonsuit with leave to move to set the same aside. The court sustained plaintiff's motion to set aside the nonsuit. The trial judge, at the time of sustaining said motion, handed down a memorandum opinion to the effect that his action taken therein was upon the authority of Lehman v. Fire Ins. Co., 183 Mo. App. 696, 167 S. W. 1047, and Farber v. American Auto. Ins. Co., 191 Mo. App. 307, 177 S. W. 675, in holding that the insurance broker represented the defendant and not the plaintiff as to the representations made in the application. Also, that in order to avoid the policy on the ground of misrepresentation, it must be shown that the insurer would not

have issued the policy if it had known the real state of facts. From this action of the trial court, defendant, in due time and proper manner, perfected its appeal to 'this court. Upon the trial of the case in the court below, the defendant tendered into court the premium on the policy, plus interest.

At the date of the issuance of the policy in question, plaintiff was in the employ of the Worrell Manufacturing Company, whose place of business was in the city of St. Louis, where plaintiff also lived, and where the offices of the defendant were located. Plaintiff had purchased an automobile of his employer, and had given it a chattel mortgage on the same for the full amount of the purchase price. The policy of fire insurance was obtained by plaintiff through an insurance broker, a Mr. Atwood, in the following manner:

Plaintiff requested Mr. Hickerson, who was secretary and manager of the Worrell Manufacturing Company, to obtain insurance for him on his car. Plaintiff testified that Mr. Hickerson acted for him in that transaction, and plaintiff's counsel admitted such to be the fact. Hickerson, in negotiating to secure the policy, called the Atwood Agency (it being the agency that handled all the insurance business of the Worrell Manufacturing Company), and requested the party to whom he talked to get insurance on a second-hand Ford Automobile; but made no statement as to whether it was or was not mortgaged, although he knew that such car was mortgaged, and that the mortgage was held by his company. The Atwood Agency, upon receipt of the request for this insurance, placed the same with E. F. Decker, representing the defendant company. The policy was prepared in the office of the defendant company, sent to the office of Atwood, and by Atwood transmitted to Hickerson. Atwood collected the premium from plaintiff, and transmitted it (less his premium) to Mr. Decker of defendant company.

209 M. A.—20

The evidence discloses that Atwood did not write policies for defendant, and had no authority to prepare or countersign such. Atwood placed the insurance with defendant company because the company he represented did not write that class of business. The application stated that there was no mortgage on the car, and that it was fully paid for. The application was signed, "Mercantile Insurance Company, Agent," this being the Atwood Agency. This is a correct statement of all the material facts here as disclosed by the evidence of plaintiff and his witnesses.

The questions presented by this record for our consideration are:

First. Can it be said, as a matter of law, from this evidence, that the insurance broker represented the insurer?

Second. Was the representation in the application as to the property not being mortgaged such a misrepresentation as to avoid the policy?

As to the first proposition: An insurance broker is generally the agent of the insured, although it must be determined from the facts in each particular case, whether the broker represents the insured or the insurer, or each for certain purposes. This general rule of law is recognized by the courts of the country generally, and in this State particularly in the following cases: [Pringle v. Aetna Life Ins. Co., 123 Mo. App. 710, 101 S. W. 130; Lehmann v. Fire Ins. Co., supra; Farber v. American Auto. Ins. Co., supra.]

In the Farber case the broker solicited the insurance from plaintiff. Plaintiff was not acquainted with the broker who came to her and solicited this insurance, nor did she know that the party soliciting the insurance was a broker. On the back of the policy the broker's name appeared as special agent. However, this endorsement on the policy was placed there after it left the office of defendant. In that case the broker was frequently in the office of defendant placing insurance. It was there

held that on these facts, when taken in connection with the acts of ratification, the broker represented the insurer. There was nothing in that case to indicate that plaintiff ever thought of employing the broker to act as her agent. It was also shown in that case that there was a custom whereby the defendant would accept the representations of the broker.

We think, under the stated facts of the case at bar, that the broker represented the insured in this transaction. Plaintiff authorized Hickerson to procure for him the insurance, and of course made him his agent and representative for such purpose. Atwood did not solicit the business, but Hickerson called him and told him, or his representative, that he wanted his agency to procure for him the insurance on the automobile. The broker was doing only what he was requested to do by plaintiff's personal representative, and such representative fully understood that the broker was to procure the insurance, doubtless as he had been doing for him in other matters. There had been previous dealings between Hickerson and the broker, and the broker was employed by him to procure the insurance policy in question. And the mere fact that the insurer delivered the policy to the broker, to be delivered to plaintiff, would raise no presumption that the insurer made the broker its agent for the purpose of filling out the application for insurance. [Kings County Fire Ins. Co. v. Swigert, 11 Ill. App. 590.]

There is nothing in this record to indicate that there was any custom of exchanging business between the broker and the defendant. If the broker made misrepresentations to the defendant in order to procure this policy, he was acting as the agent of plaintiff at the time, and not as the agent of the insurer. [Smith v. Insurance Co., 188 Mo. App. 297, 175 S. W. 113; Stone v. Franklin Fire Ins. Co., 105 N. Y. 543; Coles v. Jefferson Ins. Co., 41 W. Va. 261; Travelers' Fire Ins. Co. v. Globe Soap Co., 85 Ark. 169; Morris McGraw Wood-

enware Co. v. German Fire Ins. Co., 126 La. 32; Travelers' Ins. Co. v. Thorne, 180 Fed. 82.] And the plaintiff is bound by the representations made in the application by the broker. [Mahon v. Royal Union Mut. Life Ins. Co., 134 Fed. 732; Sellers v. Commercial Fire Ins. Co., 105 Ala. 282; Freedman v. Providence Washington Ins. Co., 182 Pa. 64; Lycoming Fire Ins. Co. v. Rubin, 79 Ill. 402.]

The next question for consideration is whether or not the representation in the application for insurance that the property was not mortgaged, would avoid the policy, as a matter of law. It is usually a question for the jury as to whether or not misrepresentations materially affect the risk, depending largely on the kind and character of misrepresentations. [Boggs & Leathe v. American Insurance Co., 30 Mo. 63; Tebeau v. Fire Ins. Co., 271 Mo. 626, 197 S. W. 130.] In such cases it should appear that the insurer would not have issued the policy, or would have charged a higher premium, if he had known the facts. [Ritchey v. Ins. Co., 104 Mo. App. 146; Farber v. Ins. Co., supra.] But where the representations were that the property was not mortgaged, when in fact it was mortgaged for the full value, such misrepresentations, under the facts in evidence here were material to the risk as a matter of law, and voided the policy. [Hollenbeck v. Ins. Co., 133 Mo. App. 57, 113 S. W. 217; Cagle v. Ins. Co., 78 Mo. App. 215; Baxter v. Ins. Co., 65 Mo. App. 255; Smith v. Ins. Co., supra.]

Learned counsel for respondent, in his brief and argument, makes no point in any way as to the pleadings, or the relation which the application bears to the policy, the policy not being set out in the bill of exceptions. In our view of the case, the action of the learned trial judge was right in the first instance when he announced the intention to give a peremptory instruction to find for defendant. Therefore, the Commissioner recommends that the judgment be reversed and the

cause remanded, with directions to the trial court to set aside its order sustaining plaintiff's motion to set aside the nonsuit, and enter order overruling same.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed and the cause remanded, with directions, in accordance with the recommendations of the Commissioner. *Allen, P.J., Becker* and *Daues, JJ.,* concur.