286 F.Supp. 1011 (1968)
AMERICAN FIRE AND INDEMNITY COMPANY, Plaintiff,
v.
John G. LANCASTER, Mildred Bresley, Stephen Bresley, Allstate Insurance Company, a Corporation, Fred Orlando, Audrey Orlando, Al Burgdorf, and Patricia Burgdorf, Defendants.
No. 67 C 158(2).
United States District Court E. D. Missouri, E. D.
June 21, 1968.
*1012 Robert C. Ely, Schwartz & Ely, St. Louis, Mo., for plaintiff.
Springfield Baldwin, St. Louis, Mo., for John G. Lancaster.
*1013 Bart Mantia, Mantia, Madigan & Noble, St. Louis, Mo., for Mildred Bresley, Stephen Bresley, Fred Orlando, and Audrey Orlando.
Paul S. Brown, Moser, Marsalek, Carpenter, Cleary & Jaeckel, St. Louis, Mo., for Allstate Ins. Co.

MEMORANDUM
MEREDITH, District Judge.
American Fire and Indemnity Company commenced this action seeking declaratory judgment under 28 U.S.C. 2201 as to its liability on an automobile insurance policy issued to John G. Lancaster.
Plaintiff is a Texas corporation with its principal place of business in Galveston, Texas. Defendants Mildred Bresley, Stephen Bresley, Fred Orlando, Audrey Orlando, Al Burgdorf and Patricia Burgdorf are citizens and residents of the State of Missouri. Defendant Allstate Insurance Company is an Illinois corporation with its principal place of business in Chicago, Illinois. Defendant John G. Lancaster is being sued in the state court by defendant Mildred Bresley, who alleges that she sustained damages in the sum of $10,000 as a result of a collision on or about January 1, 1967, between a Ford Mustang, driven by John G. Lancaster, and an automobile driven by Stephen Bresley, in which Mildred Bresley, Fred Orlando, Audrey Orlando, Al Burgdorf and Patricia Burgdorf were passengers. It is alleged that the Mustang driven by Lancaster is covered by the plaintiff's policy of insurance. The automobile driven by Stephen Bresley was allegedly covered by a policy of insurance issued by defendant Allstate Insurance Company and damage to the Bresley automobile was in the amount of $1,395.66, which claim has been assigned to Allstate Insurance Company and it has demanded payment of the plaintiff. There is diversity of citizenship and the amount in controversy exceeds $10,000.
John G. Lancaster filled out and signed an application for automobile liability insurance with American Fire and Indemnity Company in October of 1966. This application was not dated and was retained by George Jennings. (The relationship between Mr. Jennings and American Fire and Indemnity Company will be discussed infra.) Mr. Lancaster was attempting to purchase a Mustang automobile. The arrangement between Mr. Lancaster and Mr. Jennings was that when the purchase had been completed, Mr. Lancaster would notify Mr. Jennings and the application would be submitted. The application asked whether the applicant had been involved in an accident within the past thirty-six months. It also asked whether the applicant had paid a fine for any traffic law violation within thirty-six months. Mr. Lancaster answered both of these questions in the negative. When the application was signed in October, Mr. Lancaster had not had an accident within thirty-six months, but he had received and paid a traffic ticket for failure to yield the right-of-way in March of 1966.
Mr. Lancaster had an accident on November 5, 1966, subsequent to the signing of the application, but before it was dated and submitted. Mr. Jennings was contacted by the individual with whom Mr. Lancaster had the accident. Mr. Lancaster then discussed the accident with Mr. Jennings. (At this time Mr. Lancaster was insured through Jennings with LaSalle Insurance Company.) The purchase of the Mustang automobile was completed and Mr. Lancaster notified Mr. Jennings on December 23, 1966. Mr. Jennings told Mr. Lancaster that he was covered by American Fire and Indemnity Company. The application was dated December 23, 1966, by Mr. Jennings. He testified that at this time he was aware of the accident of November 5, 1966.
Mr. Lancaster was involved in an accident on January 1, 1967. The insurer, American Fire and Indemnity Company, contends that it is not liable under the policy issued. It contends that the policy is void because the insured, Mr. Lancaster, withheld the information concerning the traffic ticket of March 1966, *1014 and the accident of November 5, 1966, and that had it known this information it would not have issued the policy.
The insurer, American Fire and Indemnity Company, by an "Agency Contract", dated May 15, 1958, appointed General Insurors, Inc., a corporation, an "Agent for the purpose of procuring applications for Insurance Policies * * [and] collecting premiums thereon, * * *."
General Insurors, Inc., was divided into three "departments". These were an accounting department, an underwriting department, and a sales or broker department. Mr. Jennings was a vice president of General Insurors, Inc., and worked in its sales department. Premium payments were made to General Insurors, Inc., which retained a commission and paid the remainder to American Fire and Indemnity Company. Part of the commission that was retained would be paid to Mr. Jennings. If an insured failed to pay the premium within ninety days, then the amount of such premium would be deducted from the other commissions (whether on policies with that company or another) earned by that individual.
The "Agency Contract" between American Fire and Indemnity Company and General Insurors, Inc., provided that "Agent shall not appoint sub-agents except upon written approval * * *" A corporation may act only through the actions of individuals. Mr. Jennings was given the duty of procuring applications. Part of this duty would involve filling in the information required. While General Insurors, Inc., could not delegate its agency, it could appoint someone to perform the tasks required of the corporation.
Whether the broker is the agent of the insurer or of the insured depends upon the facts of the particular case. He may be the agent of just one, or he may be the agent for the insurer for a certain purpose and of the insured for another purpose. Buck v. Stuyvesant Ins. Co. of City of New York, 209 Mo.App. 302, 237 S.W. 840 (St.L.Mo.App.1922). One who has the authority to take and complete applications for insurance is the agent of the insurer and not of the insured. Fulbright v. Phoenix Ins. Co. of Hartford, Conn., 329 Mo. 207, 44 S.W.2d 115 (1931); Carroll v. Union Marine Ins. Co., 249 S.W. 691 (K.C.Mo.App.1923); Buck v. Stuyvesant Ins. Co. of City of New York, supra; Stubbins v. State Farmers' Mut. Ins. Co. of Mo., 229 S.W. 407 (K.C.Mo.App.1921). In this particular case General Insurors, Inc., was the agent of American Fire and Indemnity Company for the purpose of obtaining applications. General Insurors, Inc., had knowledge of the accident of Mr. Lancaster on November 5, 1966, through Mr. Jennings. Mr. Jennings was the individual who handled the application for General Insurors, Inc. He dated it and signed it in the block entitled "Signature of Agent".
The knowledge of a soliciting agent who has authority to make out an application is the knowledge of the insurer. The insurer may not raise the defense of fraud through misrepresentation when its agent has knowledge of the true situation. See Fulbright v. Phoenix Ins. Co. of Hartford, Conn., supra; Carroll v. Union Marine Ins. Co., supra; Stubbins v. State Farmers' Mut. Ins. Co. of Mo., supra. American Fire and Indemnity Company had knowledge of the accident on November 5, 1966, and may not raise this as a defense to the policy.
It did not have knowledge of the fact that the applicant, Mr. Lancaster, had received and paid a fine for failure to yield the right-of-way sometime in March of 1966. The answer given in the application was false. The law of Missouri is that a false answer in the application for insurance will avoid the policy if the answers are warranted to be true in the policy itself or if the application is incorporated into the policy. However, if the application is not incorporated into the policy by the terms of the policy itself, then the policy is *1015 voidable only if the misrepresentation is fraudulent. Dixon v. Business Men's Assur. Co. of America, 365 Mo. 580, 285 S.W.2d 619 (1955); Lieberman v. American Bonding & Cas. Co., 244 S.W. 102 (St.L.Ct.Mo.App.1922). See also Coonce v. National Indemnity Co., 213 F.Supp. 483 (E.D.Mo.1962), affirmed Cass Bank & Trust Co. v. National Indemnity Co., 326 F.2d 308 (8th Cir. 1964).
The policy issued by American Fire and Indemnity Company to John G. Lancaster provided that it was issued in reliance upon the truth of the representations made in "the declarations." None of the representations in the declarations refer to the non-receipt of traffic tickets. The declarations do not refer to the application. The application itself is not incorporated into the policy. The applicant in the application does not warrant the representations to be true, but merely "declares" the facts to be true. To avoid the policy in this case it must be shown that the misrepresentation was fraudulent.
A fraudulent representation in Missouri contains the following elements: a representation; its falsity; its materiality; knowledge on the part of the one who makes the representation that it is false or his ignorance of its truth; intent that the representation should be acted upon; the actor's ignorance of the falsity; reliance on the representation; right to rely. Firemen's Ins. Co. of Newark, N. J. v. Smith, 180 F.2d 371 (8th Cir. 1950); Coonce v. National Indemnity Co., supra.
Whether a representation is material so as to avoid the policy depends upon whether the representation might have a real influence upon the underwriter to not write the policy or to only write it at a higher premium. Taylor v. Black, 258 F.Supp. 82 (E.D.Mo.1966); Miller v. Plains Ins. Co., 409 S.W.2d 770 (Spr.Mo.App.1966).
In Miller v. Plains Ins. Co., supra, the Court found the failure to reveal a hazardous driving conviction was material and, thus, fraudulent, because "the only evidence in this case is that if defendant had known the truth it would have declined the risk, * * *." In Cannon v. Travelers Indemnity Co., 314 F.2d 657 (8th Cir. 1963), the Eighth Circuit Court of Appeals found that the trial court's determination that the misrepresentation of traffic tickets for driving while intoxicated and for careless driving were material, was supported by the evidence.
The misrepresentation of a moving traffic violation was found material in each of the above-cited cases. However, in each of these cases the courts specifically stated that such a determination was supported by evidence. In the case presently before this Court there was no evidence that the failure to disclose the traffic ticket for failure to yield the right-of-way was material. There is no testimony or evidence that had the insurer known the truth, it would have refused to issue the policy, or would have charged a higher premium, or that it would have affected its decision at all. There is evidence that the insurer would not have issued the policy if the information concerning the November 5, 1966, accident had been placed on the application. But, there is no evidence concerning the traffic ticket, except that the insured had received it in March of 1966. Accordingly, this Court must find that the misrepresentation of the traffic ticket was not material and that the policy may not be avoided.
This Court finds that the policy of insurance No. ACF 5 22 65 issued by plaintiff to defendant John G. Lancaster provides coverage for John G. Lancaster on his 1966 Ford Mustang automobile, which was involved in a collision on January 1, 1967.